THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERCED ROJAS,<br><br>    Plaintiff,<br><br>v.<br><br>TOWN OF CICERO, LARRY DOMINICK President of the TOWN OF CICERO, in his individual capacity, DEREK DOMINICK, in his individual capacity,<br><br>    Defendants. | **FILED: OCTOBER 15, 2008**<br>**08CV5913**<br>**JUDGE HOLDERMAN**<br>Case No. **MAGISTRATE JUDGE NOLAN**<br>**AEE**<br><br><br>Plaintiff Demands Trial By Jury |

### COMPLAINT

Plaintiff MERCED ROJAS, through his counsel, KURTZ LAW OFFICES, LLC, seeks redress against Defendants TOWN OF CICERO, LARRY DOMINICK President of the TOWN OF CICERO, in his individual capacity, DEREK DOMINICK, in his individual capacity for violations of 42 U.S.C. § 1983 for racial discrimination and for retaliation, and states as follows:

### Introduction

1.    Plaintiff MERCED ROJAS seeks redress for racial discrimination by Defendant in violation of his rights as secured by the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 (Count I); for violations of his rights of free speech as secured by the First Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 (Count II). Plaintiffs seek declaratory and injunctive relief as well as damages for his injuries.

1

2. Defendants' actions reflect a systematic policy and practice of discrimination and retaliation and constitute a continuing violation.

## Jurisdiction

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because Plaintiff and all of the Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

## The Parties

5. Plaintiff Merced Rojas ("Rojas") is a resident of Cook County.

6. Defendant Town of Cicero ("Cicero") is a municipality incorporated under the laws of the State of Illinois.

7. At all relevant times, Defendant Cicero has been continuously engaged in an industry affecting commerce.

8. At all relevant times, Defendant Larry Dominick served in the elected position of President of the Town of Cicero. Dominick is sued in his individual capacity. Defendant Dominick was and remains a final policy maker with respect to various departmental matters at issue here.

9. At all relevant times, Defendant Cicero employed Defendant Derek Dominick as its Human Resources Director. Derek Dominick is sued in his individual capacity.

10. Defendant Cicero has employed Defendants Larry Dominick and Derek Dominick at all times material hereto. Defendant Cicero is responsible for the acts of Defendants Larry Dominick and Derek Dominick, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of discrimination, retaliation, and violations of individual rights to equal protection and free speech under the First and Fourteenth Amendments to the United States Constitution.

11. All Defendants have acted under color of state law at all material times hereto.

### Facts Upon Which Plaintiff's Claims Are Based

12. Plaintiff Rojas was employed by Defendant Town of Cicero from on or about June 19, 1995 through October 16, 2006, which he was unlawfully terminated.

13. Defendants terminated Plaintiff because of his race and national origin (Hispanic and Mexican decent) and because his wife, Ana Maria Montes de Oca Rojas, had complained about Respondent's discriminatory and retaliatory treatment.

14. Defendants also terminated Plaintiff's employment because of his political affiliation.

15. Other similarly situated employees not in the same protected class as Plaintiff engaged in similar and more egregious conduct as that erroneously and maliciously alleged against Plaintiff, and Defendant did not terminate and/or discipline those employees.

16. Defendant Town of Cicero has violated the Equal Protection Clause to the United States Constitution by engaging in racial and national origin discrimination and retaliation based upon familial association, including against Plaintiff.

17. Defendant Town of Cicero has engaged systemic discrimination against

3

minority employees and residents of the Town of Cicero, including those of Hispanic and Mexican decent.

18. Defendant Town of Cicero has also discriminated against employees and residents of the Town of Cicero and retaliated against them based upon familial association, including against family members of employees who have complained about Respondent's discriminatory conduct.

19. Defendant Town of Cicero terminated Plaintiff's employment because of his Hispanic and Mexican decent, and in part because of his familial association.

20. Defendant Town of Cicero has engaged systemic retaliation against employees and residents of the Town of Cicero based on their political and/or perceived political affiliation.

21. As a result of Defendant's conduct, Plaintiff has suffered great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

## COUNT I

(42 U.S.C. § 1983 Violation of Equal Protection

v. All Defendants)

22. As against all Defendants, Town of Cicero, Larry Dominick, and Derek Dominick, Plaintiff restates and realleges by reference paragraphs 1 through 21 above as though fully set forth herein.

23. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment that altered the conditions of Plaintiff's employment.

24. The actions of Defendants against Plaintiff violate his equal protection right to be free from discrimination under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

25. The actions of Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured by 42 U.S.C. § 1983.

26. The actions of Defendants in discriminating against Plaintiff based on his race and national origin caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial;

C. Defendants be required to pay pre-judgment interest to Plaintiff on these damages;

D. A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

E. A permanent injunction requiring the Defendants adopt employment practices and policies in accord and conformity with the requirements of the United States Constitution and pursuant to 42 U.S.C. § 1983;

F. The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G. Punitive damages as allowed by law as against the individual Defendants in their individual capacity only;

5

H. An award of reasonable attorneys' fees, costs, and litigation expenses; and

I. Such other relief as the Court may deem just or equitable.

## COUNT II

### (42 U.S.C. § 1983 First Amendment Retaliation v. All Defendants)

27. As against all Defendants, Town of Cicero, Larry Dominick, and Derek Dominick, Plaintiff restates and realleges by reference paragraphs 1 through 21 above as though fully set forth herein.

28. At all times relevant hereto, Defendants acted as employees, supervisors, and final policymakers for the Town of Cicero.

29. The conduct of Defendants was and became the custom and practice of the Town of Cicero and President Dominick, officially and individually.

30. By Defendants' actions, Plaintiff suffered compensable injury and harm as a result of the denial of rights guaranteed to her pursuant to the First Amendment to the United States Constitution.

31. The conduct of Defendants violated Plaintiff's right to free speech and free association as provided by the First Amendment to the Constitution.

32. Defendants intentionally retaliated against Plaintiff with malice or reckless indifference to Plaintiff's civil rights, thereby entitling Plaintiff to punitive damages against the individual Defendants.

33. The actions of the Defendants have caused Plaintiffs great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

34. The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial;

C. Defendants be required to pay pre-judgment interest to Plaintiff on these damages;

D. A permanent injunction enjoining the Defendants from engaging in the retaliatory practices complained of herein;

E. A permanent injunction requiring Defendants to adopt employment practices and policies in accord and conformity with the requirements of the United States Constitution and pursuant to 42 U.S.C. § 1983;

F. The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G. Punitive damages as allowed by law as against the individual Defendants in their individual capacity only;

H. An award of reasonable attorneys' fees, costs, and litigation expenses; and

I. Such other relief as the Court may deem just or equitable.

7

Respectfully submitted:

MERCED ROJAS

*s/Dana L. Kurtz*

Attorney for Plaintiff

*Electronically filed on October 15, 2008*

Dana L. Kurtz, Esq. (ARDC# 6256245)
KURTZ LAW OFFICES, LLC
414 South State Street
Lockport, Illinois 60441
Phone: 815.838.0968
Facsimile: 312.893.2239
E-mail: dkurtz@kurtzlaw.us