# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5913 | **DATE** | 6/8/2011 |
| **CASE TITLE** | Merced Rojas vs. Larry Dominick, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, the jury will not be instructed on plaintiff Merced Rojas's ("Rojas") purported First Amendment familial association claim at trial. Rojas's "Motion for Discovery" related to Defendants' qualified immunity on Rojas's First Amendment familial association claim [372] is denied as moot.

■[ For further details see text below.]   Notices mailed.

## STATEMENT

On October 15, 2008, plaintiff Merced Rojas ("Rojas") filed a complaint against defendants Town of Cicero ("Town"), Larry Dominick, the President of the Town, and Derek Dominick, the Human Resources Director for the Town, asserting claims under 42 U.S.C. § 1983 for racial discrimination in violation of his rights under the Fourteenth Amendment (Count I) and for political retaliation and violation of his right to freedom of association, including familial association, under the First Amendment (Count II). (Compl. ¶¶ 1, 16, 18, 22-34.)

Defendants Derek Dominick and the Town each filed motions for summary judgment. (Dkt. Nos. 112, 116.) In its October 14, 2010 Memorandum Opinion and Order, this court granted defendant Derek Dominick's motion for summary judgment and entered judgment in favor of Derek Dominick on all of Rojas's claims against him. (Dkt. No. 177 ("10/14/10 Order").) On defendant Town's motion for summary judgment, the court granted the Town's motion with respect to Rojas's claim under § 1983 for racial discrimination (Count I) and Rojas's claim under the First Amendment (Count II), to the extent that claim was predicated on alleged violations of protected speech. The court, however, denied the Town's motion with respect to Rojas's claims under the First Amendment for retaliation for political association and his claims for violation of his right to familial association.

Specifically regarding Rojas's claim based on a violation of his right to familial association, the court requested that the parties file trial briefs regarding whether Rojas's familial association claim should be analyzed under the First Amendment, as Rojas contended. (10/14/10 Order 17-18.) In its Order, this court further noted that in *Montgomery v. Stefaniak*, 410 F.3d 933 (7th Cir. 2005), the Seventh Circuit recognized that the right of intimate association–which encompasses the right of familial association–was protected by the due process clause as opposed to the First Amendment:

> [T]he Constitution protects two distinct forms of free association. The first, freedom of expressive association, arises from the *First Amendment* and ensures the right to associate for

| STATEMENT |
|---|

> the purpose of engaging in activities protected by the *First Amendment*. The second, freedom of intimate association, protects the right "to enter into and maintain certain intimate human relationships." The freedom of intimate association "receives protection as a fundamental element of personal liberty," and as such is protected by the due process clauses.

(10/14/10 Order 17 (quoting *Montgomery*, 410 F.3d at 937).)

In his trial brief, Rojas explained that his familial association claim is based on defendants Larry Dominick and the Town (collectively "Defendants") allegedly terminating him because of the statements and/or political positions taken by either his wife or his wife's family. (*See* Dkt. No. 241 ("Rojas's Trial Br.") 1-2.) Rojas also persisted in arguing that this claim arose under the First Amendment. (*Id.*) Based on the parties' trial brief submissions, this court concluded that the First Amendment right to familial association was not firmly established in the Seventh Circuit at the time of the incident at issue and accordingly found that Defendants were entitled to qualified immunity. (Dkt. No. 311 ("11/29/10 Minute Order").)

Rojas filed a motion for reconsideration of that order (Dkt. No. 334), arguing that the Town, as a government entity, was not protected by qualified immunity as a matter of law and that Defendants waived any qualified immunity defense by failing to raise that defense in their respective Answers. Additionally, Rojas continued to contend that his familial association claim should be analyzed under the First Amendment. The court granted Rojas's motion for reconsideration (Dkt. No. 344 ("11/30/10 Minute Order")) and allowed the parties to submit additional briefing on the familial association and qualified immunity issues.

Having reviewed the parties' extensive submissions, the court agrees with Rojas that it erred in finding that the Town was entitled to qualified immunity. *See, e.g., Armstrong v. Squadrito*, 152 F.3d 564, 582 (7th Cir. 1998) ("[A] municipality does not enjoy qualified immunity from a damage claim under 42 U.S.C. § 1983."). Nevertheless, because the court finds that in the Seventh Circuit a claim for violation of a person's right to familial association is rooted in the due process clause rather than the First Amendment, Rojas cannot pursue his First Amendment familial association claim at trial.

As discussed above, in *Montgomery*, the Seventh Circuit distinguished between the "two distinct forms of free association" protected by the Constitution: freedom of expressive association which "arises from the First Amendment and ensures the right to associate for the purpose of engaging in activities protected by the First Amendment" and the "freedom of intimate association" which "protects the right 'to enter into and maintain certain intimate human relationships'" and "is protected by the due process clauses." *Montgomery*, 410 F.3d at 937 (quoting *Roberts v. U.S. Jaycees*, 410 F.3d 933, 937 (1984)); *see also Christensen v. Cnty. of Boone*, 483 F.3d 454 (7th Cir. 2007).

Based on the two categories of association rights described in *Montgomery*, this court finds that Rojas's familial association claim is most appropriately characterized as arising under the due process clause as opposed to the First Amendment. The claim does not implicate Rojas's right to expressive association but rather his right to not to be retaliated against based on his relationship with his wife and her family. That the purported motivation for the retaliation was either his wife's or her family's speech does not bring Rojas's claim within the First Amendment.

*Soderbeck v. Burnett County*, 752 F.2d 285 (7th Cir. 1985), cited by Rojas, does not support the opposite conclusion. In *Soderbeck*, the plaintiff was the wife of the out-going sheriff and had worked as her husband's secretary. Once the newly-elected sheriff took office, he fired the plaintiff. The Seventh Circuit described the plaintiff's claim as being based on "political retaliation": "A public agency that fires an employee because of his political beliefs or political affiliations infringes his freedom of speech." *Id.* at 288. The court further noted that "[t]he jury was entitled to find that [defendant's] only reason for firing her was that she was the wife *and presumed ally of his political adversary*." *Id.* at 287 (emphasis added). The opinion notably does not refer to the plaintiff's constitutional right to either familial or intimate association

but instead focuses solely on the plaintiff's political retaliation claim. *Soderbeck*, therefore, cannot be interpreted as recognizing a First Amendment claim predicated on right to familial association. Rather, the court in *Soderbeck* merely addressed a First Amendment claim for retaliation based on the plaintiff's political affiliation, and the familial relationship at issue was indicative of that affiliation. This is the precise political retaliation claim this court previously found Rojas could pursue in ruling on the Town's motion for summary judgment. (*See* 10/14/10 Order 15-16.)

The Seventh Circuit's more recent decision in *Norman-Nunnery v. Madison Area Technical College*, 625 F.3d 422 (7th Cir. Nov. 8, 2010), further confirms that it has yet to recognize a First Amendment familial association claim. In *Norman-Nunnery*, the plaintiff argued that she had a claim for "marital association retaliation" under the First Amendment. The Seventh Circuit acknowledged that the Second Circuit applied the First Amendment to a similar retaliation claim in *Adler v. Pataki*, 185 F.3d 35 (2d Cir. 1999), but ultimately declined to decide whether such a claim was cognizable in the Seventh Circuit as a matter of law because the plaintiff had failed to present sufficient evidence that she was not hired because of her marriage:

> The defendants would prefer that we find that Norman-Nunnery's claim fails as a matter of law, that a public employer's refusal to hire a person because of animosity toward that person's spouse can never be actionable as a [c]onstitutional claim. Because Norman-Nunnery's claim fails for a lack of evidence, we need not decide whether the claim is viable as a matter of law. We reserve that question for the case in which it is clearly presented.

*Norman-Nunnery*, 625 F.3d at 434.

Because the Seventh Circuit has yet to revisit its decision in *Montgomery*, which indicates that Rojas's familial association claim arises under the due process clause, not the First Amendment, this court finds that Rojas cannot pursue a First Amendment familial association claim at trial. The jury accordingly will not be instructed on that purported claim. Nor will the court permit Rojas to present a *due process* familial association claim to the jury. Rojas has had multiple opportunities to articulate a due process familial association claim but has repeatedly represented that his familial association claim is based only a violation of his First Amendment rights (*see* Rojas's Trial Br. 1-13; Dkt. No. 361 at 5-8; Dkt. No. 372 at 2-3; Dkt. No. 381 at 5; Dkt. No. 382 at 2) and therefore has waived a claim under the due process clause. Rojas's "Motion for Discovery" related to Defendants' qualified immunity (Dkt. No. 372) additionally is denied as moot.

*James F. Holderman*