THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERCED ROJAS, | |
| Plaintiff, | |
| v. | Case No. 08 CV 5913 |
| TOWN OF CICERO, et al., | Honorable Chief Judge Holderman |
| Defendants. | |

**PLAINTIFF'S OBJECTIONS TO THE COURT'S DAMAGES JURY INSTRUCTIONS, PURSUANT TO THE COURT'S JULY 1, 2011 ORDER (DOCKET # 439)**

Plaintiff MERCED ROJAS, through his counsel, respectfully submits his objections to the Court's Damages Jury Instructions, pursuant to the Court's July 1, 2011 Order (Docket # 439), and in support, Plaintiff states the following objections to Court's Damages Jury Instructions:

1. Plaintiff has proposed a supplemental instruction that this Court should give in its stead. *See* Plaintiff's Supplemental Instruction No. 31 (Docket # 425-1 at 9.) In the alternative, Plaintiff suggests that the Court give the Seventh Circuit Pattern Instructions. Plaintiff objects to the Court's damages instructions in the following ways:

2. The second paragraph is a double negative and will confuse the jury by suggesting that Plaintiff must prove **all** of his claims in order to be entitled to damages, whereas the law is that if Plaintiff proves either or both of his claims, he is entitled to damages. A clearer and correct instruction would state: "If you find that Plaintiff Rojas

has proved either or both of his claims against Defendant Larry Dominick, you will consider the question of damages." Alternatively, if the Court keeps the instruction as is, then Plaintiff requests an instruction that informs the jury that it can find for Plaintiff on either claim or both. The Plaintiff's proposed instruction No. 30 includes both of these elements.

3. Paragraph (1) of the compensatory damages instruction should read "The physical, mental <u>and/or</u> emotional pain and suffering. . . ." *See* Seventh Circuit Pattern instruction No. 3.10.

4. Plaintiff further maintains his objection to the Court not instructing that Plaintiff also has a claim for First Amendment political affiliation retaliation against the Town of Cicero.

5. There is no support for the Court's proposed addition of language discounting Plaintiff's damages for "earnings and benefits that plaintiff has received from other employment and will likely receive in the future from other employment." This language is not part of the Seventh Circuit Pattern Instructions. *See* Nos. 3.10 and 3.11. Plaintiff requests that the Court give the Seventh Circuit Pattern Instruction.

6. The Court is correct to instruct the jury to decide damages for lost "wages, salary, profits, earning capacity and other benefits" as an element of compensatory damages. *See e.g.*, *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 507 (7th Cir.1993) (jury awarded back pay and future losses on § 1983 claim); *Matlock v. Barnes*, 932 F.2d 658, 668 (7th Cir. 1991) (upholding jury award of back pay and emotional distress in political

2

affiliation claim); *Bennett v. Smith*, No. 96 C 2422, 2002 WL 169323 at *3 (N.D.Ill. Feb.1, 2002) (jury awarded back pay on § 1983 claim); *see also Broderick v. Evans*, 570 F.3d 68, 72 (1st Cir. 2009) (affirming jury award of back pay and front pay); *Santiago–Negron v. Castro–Davila*, 865 F.2d 431, 441 (1st Cir.1989) (when a jury determines liability and compensatory damages in § 1983 action, the jury will determine back pay as an element of compensatory damage); *Bianchi v. City of Philadelphia*, 80 Fed.Appx. 232, 238 (3rd Cir. 2003) (affirming jury award of back pay and front pay on § 1983).

7. The Court is also correct to instruct on "future pecuniary losses;" however, in accordance with the Seventh Circuit Pattern Instruction, this is a separate category of compensatory damages from lost "wages, salary, profits, earning capacity and other benefits" and thus, should be listed in a separate paragraph. *See* Seventh Circuit Pattern Instruction No. 3.10.

8. Defendants have objected to the instruction of "future pecuniary losses" based on the mistaken argument that Plaintiff has not asserted a claim to these damages. However, Plaintiff alleged "future pecuniary losses" in his Complaint for relief sought. (*See* Docket 1, ¶¶ 21, 26, 33).

9. Furthermore, "future pecuniary losses" are a part of compensatory damages. *See* Seventh Circuit Pattern Instruction No. 3.10; *see also Williams v. Pharmacia, Inc.*, 137 F.3d 944, 952 (7th Cir. 1998) ("The Civil Rights Act of 1991 added new remedial provisions to Title VII to authorize compensatory damages for a plaintiff's 'future pecuniary losses,

3

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.'").

10. It is appropriate to instruct on future pecuniary losses where the Plaintiff's evidence can "show that his injury has caused a diminution in his ability to earn a living." *Id*. In this case, the Plaintiff will produce evidence that being ostracized and stigmatized by Larry Dominick has caused a diminution in expected earnings. Thus, the Court is correct to instruct on "future pecuniary losses."

11. Plaintiff also objects to instructing the jury on nominal damages as there is evidence of a provable injury in this case in that Plaintiff's employment was terminated and he suffered economic and emotional injury as a result. Therefore, a nominal damages instruction is not appropriate. *See Stachniak v. Hayes*, 989 F.2d 914, 923 (7th Cir.1993) (holding that a nominal damages instruction is inappropriate when no evidence is presented at trial to support a defendant's argument that there was no provable injury); *see also Petersen v. Gibson*, 372 F.3d 862, 864 (7th Cir. 2004) (where there was "evidence of actual, provable injury that a reasonable jury could have attributed to [defendant], the court held that the better approach would have been to instruct the jury to assess damages in whatever amount it believed would compensate plaintiff for her injury.").

12. Plaintiff also objects to the punitive damages language, which states: "You may assess punitive damages only if you find that Defendant Dominick's conduct was malicious or in reckless disregard of Plaintiff Rojas's rights. Conduct is malicious if it is

4

accompanied by ill will or spite, or is done for the purpose of injuring a Plaintiff. Conduct is in reckless disregard of a Plaintiff's rights if, under the circumstances, it reflects complete indifference to a Plaintiff's safety or rights." (Docket # 440 at 3-4.) This language is not supported by the Seventh Circuit Pattern Instruction. *See* No. 3.13. Moreover, the Court's proposed language seems to require a "deliberate indifference" standard that is not appropriate and not consistent with the law. The Seventh Circuit pattern instruction states: "You may assess punitive damages only if you find that [Defendant Dominick's conduct] was in reckless disregard of Plaintiff's rights. An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law." *See* No. 3.13. Plaintiff proposes that the Court use the pattern instruction.

13. The Court's instruction fails to mention that Plaintiff's claims are against the Town of Cicero in addition to Larry Dominick. Despite this Court's order on bifurcation, the jury should still be instructed as to both Defendants. The first clause of the paragraph should read: "If you find that Plaintiff Rojas has proved any of his claims against <u>either</u> Defendant Dominick <u>or the Town of Cicero</u>. . . ."

14. Additionally, Plaintiff renews his objection, as set forth in Plaintiff's Objections to the Court's Proposed Preliminary Instructions and Verdict Forms (Docket # 443 at 2), that punitive damages are also warranted against the Town of Cicero, as the Town's insurance covers punitive damages against the entity as well. Therefore, the jury should also be instructed that they can find punitive damages against the Town.

5

WHEREFORE, for the above stated reasons, Plaintiff objects to this Court's preliminary jury instructions and asks this Court to revise its instructions based on Plaintiff's objections, and grant Plaintiff such other relief that is just and equitable.

Respectfully Submitted,

MERCED ROJAS

*s/Dana L. Kurtz*

Attorney for Plaintiff

*Electronically filed on July 5, 2011*

Dana L. Kurtz, Esq.
Christy M. Sicher, Esq.
KURTZ LAW OFFICES, LTD
32 Blaine Street
Hinsdale, Illinois 60521
Phone: 630.323.9444
Facsimile: 630.604.9444
E-mail: dkurtz@kurtzlaw.us
E-mail: csicher@kurtzlaw.us

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies and states that the attached documents were served on the designated attorneys by electronic service via the Court's ECF System on this 5th day of July 2011.

| | |
|---|---|
| K. Austin Zimmer | zimmer@dlglawgroup.com |
| Cynthia Sara Grandfield | grandfield@dlglawgroup.com |
| George Santo Spataro | spataro@dlglawgroup.com |
| Craig Daniel Tobin | ctobin@barristers.com |
| Karl Hammon Schook | khschook@barristers.com |
| Tomas Petkus | tomaspetkus@barristers.com |

*s/Dana L. Kurtz*
_____

*Electronically Filed on July 5, 2011*