# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5913 | **DATE** | 7/13/2011 |
| **CASE TITLE** | Merced Rojas vs. Town of Cicero, et al. | | |

**DOCKET ENTRY TEXT**

The court provides its rulings on the parties' objections to the court's proposed damages instructions [441, 444] in the Statement section of this order.

■[ For further details see text below.]      Notices mailed.

## STATEMENT

I.    Defendants' Objections

     1.      Waiver of Damages Related to Certain Lost Future Earnings

Defendants Larry Dominick and the Town of Cicero ("Town") (collectively "Defendants") argue that the jury should not be instructed that plaintiff Merced Rojas ("Rojas") can recover damages related to his lost future earnings based on damage to his reputation. Specifically, Defendants argue that Rojas failed to disclose such damages in his Rule 26 disclosures. In those disclosures, Rojas identified the following damages:

> All wages, including back pay and front pay, Plaintiff would have received but for the discrimination and retaliation, including pre-judgment interest. Plaintiff states that his annual salary was approximately $49,000 per year;

> All benefits, including but not limited to IMRF pension, medical insurance, and all other benefits Plaintiff would have received but for the discrimination and retaliation;

> Compensatory damages in an amount to be determined by a trier of fact at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress caused by Defendants' conduct[.]

(Rojas's Initial Rule 26 Disclosures 16-17 (attached as Ex. A to Dkt. No. 441).) The court finds that this disclosure sufficiently placed Defendants on notice that Rojas would be seeking such future damages. Defendants' objection to the court's proposed instruction related to future damages is overruled.

# STATEMENT

### 2. Front Pay and Back Pay

Relying on 42 U.S.C. § 1981a and Seventh Circuit Pattern Instruction 3.09, Defendants object to allowing the jury to award Rojas back pay and front pay as compensatory damages. According to Defendants, such damages are equitable and should not be considered by the jury. The court disagrees. Pattern Instruction 3.09 applies to Title VII, § 1981, and Age Discrimination and Employment Act ("ADEA") claims, not § 1983 claims. Similarly, although § 1981a(b)(2) explains that "compensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964," Defendants have not cited any authority applying this provision to § 1983 claims. To the contrary, in *United States ex rel. Chandler v. Cook County*, 277 F.3d 969, 977 (7th Cir. 2002), the Seventh Circuit noted that "[u]nder the § 1983 statutory scheme, there is no guidance from Congress as to the damages to be imposed . . . ." Moreover, Seventh Circuit Pattern Instruction 7.23, which applies to § 1983 claims, does not expressly exclude back pay and front pay from the jury's consideration but instead provides the following instruction on such compensation:

> The [wages, salary, profits, earning capacity] that Plaintiff has lost [and the present value of the [wages, salary, profits, earning capacity] that Plaintiff is reasonably certain to lose in the future] because of his [inability/diminished ability] to work.

*See also McNabola v. Chi. Transit Auth.*, 10 F.3d 501 (7th Cir. 1993) (jury awarded past lost wages and future lost wages for § 1983 claim). The court's compensatory damages instruction is based on Pattern Instruction 7.23. Defendants' objection is overruled.

## II. Rojas's Objections

### 1. Nominal Damages

Rojas objects to the inclusion of a nominal damages instruction. In the Seventh Circuit, "a nominal damages instruction is inappropriate when no evidence is presented at trial to support a defendant's argument that there was no provable injury." *Briggs v. Marshall*, 93 F.3d 355, 359-60 (7th Cir. 1996). Here, because the constitutional injury is based on Rojas's termination, the court agrees with Rojas that, assuming the jury finds that Rojas's constitutional rights were violated, he has presented evidence of a provable injury. Consequently, the court will not instruct the jury on nominal damages.

### 2. Separate Paragraph for Future Damages

Rojas asks that the court provide a separate paragraph for the instruction related to future pecuniary losses. Rojas argues that because those types of losses are included in a separate paragraph in Seventh Circuit Pattern Instruction 3.10, the court should include them in a separate paragraph in this case. Pattern Instruction 3.10, however, applies to Title VII, § 1981, and ADEA claims, which exclude back pay and future pay from the jury's consideration. Consequently, the court does not find that Pattern Instruction 3.10 supports a separate paragraph for future damages in this case. Rojas's objection is overruled.

| STATEMENT |
|---|

### 3. Discounting Damages for Other Income

Rojas objects to the instruction that the jury should subtract "earnings and benefits that plaintiff has received from other employment and will likely receive in the future from other employment." According to Rojas, "this language is not part of the Seventh Circuit Pattern Instructions." (Dkt. No. 444, Rojas's Objections ¶ 5.)

However, the Seventh Circuit Pattern Instruction 3.11, which applies to Title VII, § 1981, and ADEA claims instructs that the plaintiff can recover "any lost wages and benefits he would have received from the Defendant if he had not been [*adverse employment action*] [minus the earnings and benefits that plaintiff received from other employment during that time [that he would not otherwise have received]]."

The Seventh Circuit has recognized that a similar setoff for wages is appropriate in the § 1983 context. *See Perry v. Larson*, 794 F.2d 279, 286 (7th Cir. 1986) (explaining that defendant could have argued to jury that plaintiff's compensatory damages should be offset by the income plaintiff received while unemployed); *see also Murphy v. Flagler Beach*, 846 F.2d 1306, 1308-10 (11th Cir. 1988) (explaining that damages for lost wages on § 1983 claim should be offset by plaintiff's interim earnings); *Scott v. Peterson*, 09 C 1633, 2010 WL 3173001, at *2 (N.D. Ill. Aug. 11, 2010) ("Proper calculations of back pay represent the wages the plaintiff would have earned but for the adverse employment decision, less the amount of mitigating wages earned during that time."). Consequently, Rojas's objection is overruled.

### 4. Punitive Damages Against the Town

Rojas argues that he is entitled to pursue punitive damages against the Town because the Town has insurance that covers such damages. Rojas's position, however, is contrary to Seventh Circuit law: "Municipalities are not subject to punitive damages in suits under 42 U.S.C. § 1983." *Robinson v. City of Harvey*, 617 F.3d 915, 916 (7th Cir. 2010). The court accordingly will not instruct the jury that it may award punitive damages against the Town.

### 5. Remaining Objections

In paragraphs 3 and 12 of his objections, Rojas argues that the court's instructions are not consistent with the relevant Seventh Circuit Pattern Instructions. The court sustains Rojas's objection in paragraph 3 and accordingly has changed the language in the compensatory damages instruction from "physical, mental and emotional pain and suffering" to "physical and mental/emotional pain and suffering," which mirrors the language of Seventh Circuit Pattern Instruction 7.23.

The court overrules Rojas's objection in paragraph 12, which argues that the language of the punitive damages instruction "is not supported by the Seventh Circuit Pattern Instruction." (Rojas's Objections ¶ 12.) Contrary to Rojas's contention, the court's proposed punitive damages instruction is identical to Seventh Circuit Pattern Instruction 7.24–the pattern instruction for § 1983 claims. Rojas has not cited any authority that Pattern Instruction 7.24 misstates the law.

Additionally, in paragraph 2 of his objections, Rojas objects to the following language in the court's

| STATEMENT |
|---|

proposed damages instruction because, according to Rojas, it is a "double negative and will confuse the jury":

> If you find that Plaintiff Rojas has failed to prove **all** of his claims against Defendant Dominick, then you will not consider the question of damages.

(emphasis added). Again, this language is identical to Seventh Circuit Pattern Instruction 7.22. Rojas's objection is overruled. The court has considered Rojas's remaining objections to the court's proposed damages instructions and finds that they also lack merit.

*James F. Holderman*