TP:khs 09-1825 10.21.2010 08:27:17

In the United States District Court for the<br/>Northern District of Illinois, Eastern Division

| | |
|---|---|
| Merced Rojas,<br/>　　　　Plaintiff,<br/>vs.<br/>Town of Cicero, *et al.*,<br/>　　　　Defendants. | No.: 08 cv 5913<br/><br/>Judge Holderman |

<u>Defendants' Motion for a New Trial Pursuant F. R. Civ. P. 59(a) and<br/>Relief from Judgment Pursuant F. R. Civ. P. 60(b)</u>

President Dominick and the Town of Cicero move for a new trial pursuant to Federal Rule of Civil Procedure 59(a) and for relief from the judgment pursuant Federal Rule of Civil Procedure 60(b). In support thereof they state as follows:

1.　Trial commenced in this case on July 5, 2011 and the jury reached a verdict on July 14, 2011. On July 14, 2011 this court entered a verdict and judgment in favor of defendants on Rojas' § 1983 equal protection claim and in favor of plaintiff in favor of his § 1983 First Amendment retaliation claim. The jury awarded Rojas compensatory damages in the amount of $300,000 and $350,000 in punitive damages.

2.　Defendants moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) which the court took under advisement. Defendants have renewed their motion for judgment as a matter of law Federal Rule of Civil Procedure 59(b) and, should the court see fit to deny same, moves in the alternative for a new trial and relief from the judgment.

3.　Defendants respectfully submit that the following errors and conduct caused them to be denied the right to a fair trial on the issue of Rojas' § 1983 First Amendment retaliation

1

claim:

    a. This court made repeated findings that Plaintiff's counsel Dana Kurtz's tactics were "sleazy", unprofessional, and contemptuous. This court stated on the record that Ms Kurtz had been negligent with discovery obligations, made disingenuous arguments, presented inadmissible facts, raised "extraneous phantom issues," engaged in stall tactics, had injected numerous ways of disparaging and smearing the defendant without establishing any relation to Rojas' claims, and had engaged in conduct that no lawyer should believe was professional or part of trial practice. Despite these findings and its statement that it understood defendants' motivations for bringing a mistrial motion this court did not grant defendants' motion for a mistrial but took it under advisement.

    b. This court denied President Dominick's motion *in limine* #23, seeking to bar any and all evidence and argument of conspiracy in light of the fact that no such claim had been made and Plaintiff was impermissibly allowed to make arguments to the jury of a conspiracy between President Dominick, Frank Aguilar, Alex Arista, town counsel and town investigators.

    c. Plaintiff's counsel repeatedly and improperly argued to the jury that Plaintiff brought his lawsuit because the defendants failed and refused to properly compensate him.

    d. Despite repeated admonitions by this court Plaintiff's counsel and witnesses repeatedly and in violation of the court's rulings suggested there were threats and intimidation by Frank Aguilar.

e. The court denied President Dominick's motion *in limine* # 22 concerning the employment of President Dominick's family and permitted Plaintiff to make extensive, irrelevant and prejudicial inquiry into the details of President Dominick's hiring of family members as well as some salaries and made unsubstantiated arguments to the jury that these salaries amounted to over $744,000 annually.

f. President Dominick was denied the opportunity to raise the issue of Ana Maria Rojas' use of multiple social security numbers – an act of moral turpitude – depriving the jury of the opportunity to assess the credibility of a critical witness who actively supported and assisted Plaintiff's case. Mrs. Rojas made repeated, prejudicial and inflammatory blurts about Dominick's efforts and intentions to destroy Rojas and his family.

g. President Dominick was denied the opportunity to perfect the issue of Rojas' prior political work during the hours he worked for the Town**.** This court denied defendants the opportunity to call Ruben Perez on the issue of Rojas' prior political work while on Town time. Rojas denied doing this work but Perez admitted to it under oath at his deposition. This evidence and testimony was critical impeachment evidence as well as substantive 404(b) evidence that before his termination Rojas engaged in outside endeavors to advance personal interests while on Town hours, such conduct constituting a crime, and when his criminal conduct was exposed and/or an investigation commenced into his conduct, Rojas would deny any wrongdoing and attribute the investigations to a desire to single him out for political association retaliation. The court allowed defendants to ask Rojas about this but not Perez, thereby precluding defendants the opportunity to prove this matter up.

3

h.  This court denied President Dominick's motion *in limine* # 2 and permitted Plaintiff to present compensatory damages to the jury despite its finding that Plaintiff had failed his discovery obligations with regard to years-old documents and information concerning his damages. During trial it was determined that Rojas had not supplemented his discovery and had failed to supply numerous relevant documents, including his income tax returns and amended tax returns. Over defendants' objections this court also impermissibly allowed compensatory damage instructions incorporating language concerning front pay, back pay, and reputational injuries to be read to the jury.

i.  This court denied President Dominick's motion *in limine*# 24 concerning Rojas' home foreclosure. Plaintiff and his counsel made unsubstantiated and untrue statements before the jury to the effect that Rojas' house was foreclosed upon and that his automobiles had been repossessed due to defendants' actions. These alleged events were not disclosed in advance by plaintiff and, as it turned out, they were deceptive and misleading.

j.  The defendants' objections to the proposed damages instructions concerning reputational injury, front pay and back pay should have been granted.

k.  There was no evidence of malice or reckless disregard on President Dominick's part to justify an award of punitive damages; in the alternative President Dominick is entitled to a remittitur of punitive damages to as low as $1,700.00.

l.  Plaintiff made inflammatory, prejudicial and argumentative remarks during opening statements and inflammatory, inappropriate and prejudicial remarks during closing arguments.

4

m.  Plaintiff's counsel was repeatedly admonished for her tactic of speaking too loudly at sidebars when discussing prejudicial deposition testimony concerning threats and intimidation.

n.  Plaintiff's counsel inappropriately attempted to inquire into President Dominick's 2009 election including making an unsubstantiated blurt concerning accusations purportedly made by a Cook County clerk, a tactic designed to prejudice President Dominick before the jury.

o.  In front of the jury and in violation of court procedure and President Dominick's motion *in limine* # 8 Plaintiff's counsel made an accusation against President Dominick that he lied on an employment application despite having no good faith basis to make such an accusation.

p.  In front of the jury and in violation of court procedure and President Dominick's motion *in limine* #6 and #8 Plaintiff's counsel made an accusation against President Dominick that he had told a witness to "lie" at a deposition; this court found that the question was posed in bad faith.

q.  In front of the jury and in violation of court procedure and President Dominick's motion *in limine* #11 Plaintiff's counsel accused President Dominick that he told Lorraine Walsh that he was going to have Rojas set up by Alex Arista. The court found that this question was posed in bad faith as Plaintiff had not made any good faith attempt to confirm the hearsay statements on this issue and that in fact Ms Walsh had signed a countervailing affidavit denying such statements were ever made. This inadmissible and false accusation was key to Plaintiff's theory of liability against President Dominick, that Rojas' termination was the result of a set-up.

r.  Plaintiff's counsel made inflammatory and prejudicial remarks claiming $4,000,000 in attorney's fees were paid to the town's attorneys and attempted to make repeated inquiry into this topic despite repeatedly sustained objections by this court and having no good faith evidentiary basis for such inquiry. This was done to affect the credibility of the witness Mr. Michael Del Galdo as well as the town's trial attorneys who recommended Rojas' termination.

s.  Plaintiff's counsel made inflammatory and prejudicial remarks concerning Mrs. Rojas' own allegations against the defendants – such as her allegations concerning her treatment and her eventual departure from the Town of Cicero – and made repeated inquiry into this topic despite repeatedly sustained objections by the court and its granting of President Dominick's motion *in limine* #21.

t.  Plaintiff's counsel made inflammatory and prejudicial remarks concerning the hiring, firing, work habits and discipline concerning other employees and made repeated inquiry into this topic despite repeatedly sustained objections by this court on this issue.

u.  Plaintiff's counsel made repeated irrelevant and prejudicial inquiry into potential discovery disputes before the jury and insinuated that defendants had withheld evidence from the plaintiff and the tribunal.

v.  Plaintiff's counsel made improper bad faith objections to disrupt defendants' examination of witnesses, such as repeatedly objecting to leading questions during cross examination, despite repeated statements by the court that such methods are permissible.

w.  Plaintiff's counsel failed to maintain proper courtroom decorum, such as making faces before the jury, arguing with the court in front of the jury concerning evidentiary rulings so as to blurt her position to the jury, and making demands for a proffer in front of the jury as a tactic to convey to the jury the idea that the court had ruled unfairly against her.

x.  Plaintiff's counsel failed to maintain proper courtroom decorum by asking objectionable questions as a tactic to force counsel to object so as to make it appear to the jury that the defense was attempting to block evidence.

y.  Plaintiff's counsel made bad faith, inflammatory and prejudicial arguments before the jury that Town attorneys engaged in misconduct with regard to Rojas.

z.  In violation of court procedure and despite repeated admonitions Plaintiff's counsel repeatedly objected to allegedly non-impeaching statements before such statements were read to the jury. Plaintiff further failed to perform proper impeachment procedure by declining to introduce impeaching statements concerning testimony he challenged, thereby making unfounded and inappropriate insinuations to the jury concerning the credibility of unimpeached testimony.

aa.  Despite repeated admonitions by this court Plaintiff and his witnesses repeatedly blurted out inadmissible, inflammatory and prejudicial statements. For example, at multiple times the court had to clear the courtroom and demand from Plaintiff's counsel what she had expected to elicit from plaintiff's wife's on the stand after blurts were made or attempted. This included a blurt of a hearsay statement on direct examination that Jose Del had told her that President Dominick had said that he was going to destroy her family (a statement Mr. Del Angel did not testify to) even though

7

      she had purportedly been told by Rojas' counsel that such statements were inadmissible. The court found that what Plaintiff's counsel was engaged in was "another instance" of her attempt to inject prejudice into the case and reiterated that he was taking defendants' motion for mistrial under advisement.

  bb.  The court should have granted defendants' motion for a mistrial in light of Plaintiff's aforementioned misconduct and misrepresentations.

  cc.  The verdict for compensatory damages was excessive and not based on the evidence.

4.    Each of these matters singly and together prejudiced defendants and denied them the right to a full and fair defense on the issue of Rojas' § 1983 First Amendment retaliation claim, necessitating judgment as a matter of law or, in the alternative, a new trial or a mistrial.

5.    If mistrial, judgment as a matter of law, or a new trial is not awarded defendants request a remittitur as the verdict is excessive, has no rational connection between the award and the little admissible evidence disclosed by Plaintiff, and is not comparable to awards made in similar cases.

6.    Should the court deny defendants pending motions for judgment as a matter of law they move this court for a new trial pursuant to Federal Rule of Civil Procedure 59(a) and 60(b) or remittitur pursuant to Federal Rule of Civil Procedure 59(e), for the reasons stated and will be elaborated upon in their memorandum and brief filed in support of this motion.

Wherefore the defendants respectfully request that this court grant defendants' pending motion for a mistrial, grant defendants' a new trial or grant a remittitur and enter such other and further relief the court determines is warranted under the circumstances.

August 11, 2011                                              s/ Craig D. Tobin
                                                                                   Attorney for President Dominick

                                                          s/ Cynthia Grandfield
                                                          Attorney for Town of Cicero

### Certificate of Service

I hereby certify that I served the foregoing using the court's CM/ECF system which will send notification of such filing to the counsel of record.

August 11, 2011                                                        s/ Craig D. Tobin

Craig D. Tobin
Tomas Petkus
Karl H. Schook
Tobin & Muñoz, L.L.C.
Attorneys for Certain Defendants
Three First National Plaza, Suite 1950
Chicago, Illinois 60602-4298
Office: (312) 641-1321
Fax: (312) 641-5220
Email: ctobin@barristers.com
       tomaspetkus@barristers.com
       khschook@barristers.com
Web: www.barristers.com

Austin Zimmer
Cynthia Grandfield
Del Galdo Law Group, L.L.C.
Attorneys for Town of Cicero
1441 S. Harlem Avenue
Berwyn, Illinois 60409
(708) 222-7000
zimmer@dlglawgroup.com
grandfield@dlglawgroup.com

\\M1\clients\T&M\Dominick adv. Rojas\Post-Trial\motion, 59a and 60b.doc