THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERCED ROJAS, | |
| Plaintiff, | |
| v. | Case No. 08 CV 5913 |
| TOWN OF CICERO, LARRY DOMINICK President of the TOWN OF CICERO, in his individual capacity, | Honorable Chief Judge Holderman |
| Defendants. | |

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT TOWN OF CICERO

Plaintiff MERCED ROJAS, through his undersigned counsel, respectfully moves this Court for entry of judgment against Defendant Town of Cicero. In support, Plaintiff Rojas states as follows:

1. On June 23, 2011, Defendant Town of Cicero ("the Town") moved to Bar Trial of Widespread Pattern and Practice Under 42 U.S.C. § 1983 in Exchange for the Town's *Monell* Waiver and Bifurcate Trial Pursuant to Fed. R. Civ. P. 42(b). (Docket # 415.)

2. In the Town's Motion, the Town stipulated to entry of judgment against the Town if a jury were to find in favor of Rojas on his First Amendment claim. (Docket # 415-1 at ¶4.) Specifically, the Town stipulated to the following:

> [E]ntry of judgment against the Town on Rojas' (*sic*) § 1983 claim against it under Count II, if and only if the finder of fact in this case finds that President Dominick violated Rojas' (sic) rights to be free from retaliation under the First

Amendment. In this case only, the Town specifically waives its right under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) not to be held liable in damages under § 1983 without proof that the retaliation occurred by the actions of a final policymaker or was due to a "widespread pattern and practice."

(Docket # 415-1 at ¶4.)

3. On June 30, 2011, this Court granted in part and denied in part the Town's Motion to Bar and Bifurcate Trial Pursuant to Fed. R. Civ. P. 42(b). (Docket # 436.) The Court granted the Town's motion as it related to barring a trial for *Monell* liability. (*Id*.) In doing so, the Court recognized that the Town would accept *Monell* liability if Defendant Larry Dominick was found liable on Rojas's First Amendment claim. (*Id*.)

4. On July 14, 2011, after eight days of trial, a jury rendered a verdict in favor of Rojas on his First Amendment claim and against Defendant Dominick. (Docket # 463.)

5. The Judgment Form stating that judgment was entered in favor of Rojas did not list the Town as a party, and did not enter judgment against the Town. (*See id*.) The Court has not entered a Rule 54(b) Certification under the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 54(b).

6. In accord with the Town's stipulation to an entry of judgment on Rojas's First Amendment claim (*see* Docket # 415-1), Rojas moves for an entry of judgment against the Town.[1]

---

[1] In filing this motion, Rojas does not waive any claims or issues for appeal should Rojas or Defendants appeal the Court's Order of Judgment, including the Court's order granting in part Defendant Town's Motion to Bar and Bifurcate Trial (Docket # 415).

2

7. The Town would not suffer any prejudice by the Court's grant of this motion as the Town has already stipulated to an entry of judgment if the jury found in favor of Plaintiff Rojas and against Defendant Dominick on Rojas's First Amendment claim. (*See* Docket # 415-1.)

WHEREFORE, for the above stated reasons, Plaintiff Rojas respectfully requests that this Court enter judgment against Defendant Town of Cicero on Plaintiff's First Amendment claim, and Plaintiff prays for such other relief that is just and equitable.

Respectfully Submitted,

MERCED ROJAS

*s/Dana L. Kurtz*

Attorney for Plaintiff

*Electronically filed on August 17, 2011*

Dana L. Kurtz, Esq.
Christy M. Sicher, Esq.
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, Illinois 60521
Phone: 630.323.9444
Facsimile: 630.604.9444
E-mail: dkurtz@kurtzlaw.us
E-mail: csicher@kurtzlaw.us