TP:khs 09-1825 10.21.2010 08:27:17

In the United States District Court for the
Northern District of Illinois, Eastern Division

Merced Rojas,

    Plaintiff,

vs.                         No.: 08 cv 5913

Town of Cicero, *et al.*,       Judge Holderman

    Defendants.

Defendants' Motion for Sanctions Pursuant to 28 U.S.C. 1927,
Fed. R. Civ. P. 26(g)(3) and Fed. R. Civ. P. 37(c)

The Town of Cicero and President Dominick move as follows:

Introduction

During trial Plaintiff's counsel Dana Kurtz engaged in, to quote this Court, "a repeated pattern of misconduct…highly prejudicial to the defendants." The misconduct was so pervasive a new trial was ordered because of the unfair prejudice Ms Kurtz created. (Order of December 22, 2011, Docket no. 536) Pursuant to 28 U.S.C. § 1927 defendants respectfully request that this Court order plaintiff's counsel to satisfy the excess costs, expenses and attorney's fees reasonably incurred by them as a result of her acts.

Defendants further move for sanctions pursuant to Fed. R. Civ. P. 26(g)(3) and 37(c) for the failure to disclose in discovery that in April 2009 Rojas and his wife filed for bankruptcy. In his bankruptcy Rojas advised the bankruptcy court, his creditors and the trustee that he had a simple wrongful discharge claim for $150,000.00. Rojas did not reveal the real nature of this lawsuit or the enormous sums of damages he was seeking. Rojas invoked an exemption under Illinois law to shield his $150,000 wage claim from his creditors since, according to Rojas, the

1

only damages he was pursuing in this litigation consisted solely of lost wages. Rojas also reaffirmed the mortgage debt and automobile loan he claimed at trial had resulted in a foreclosure action and an automobile repossession all, according to Rojas, because of defendants' wrongful acts.

Rojas had an obligation pursuant to Fed. R. Civ. P. 26 to provide fulsome, complete and timely answers to defendants' interrogatories and production requests about his damages and his involvement in legal matters like his bankruptcy[1]. He had an obligation to supplement his discovery to reveal these legal proceedings to the defendants. Instead, Rojas' responses omitted the bankruptcy and the other legal matters he was involved in. This was done intentionally with the involvement and participation of his lawyer in what can only be a scheme to defraud his creditors and the trustee and deceive and perverse the course of justice in this case.

In a stunning admission Ms Kurtz conceded in open court at the status on January 26, 2012 that she knew some time ago that Rojas had gone through bankruptcy. There is no justification for Rojas' discovery omissions. Ms Kurtz, who signed and certified Rojas discovery responses pursuant to Fed. R. Civ. P. 26(g), either vouched for discovery answers she knew were false or, just as inappropriately, after learning about her client's bankruptcy, she took no steps to correct the false discovery responses her client gave and that she had certified. Rojas and his counsel should be barred from raising the issue of his reaffirmed debts at the re-trial and should satisfy the costs, expenses and reasonable attorney's fees brought in discovering this information and bringing it to the Court's attention.

---

[1] The court is already aware that Rojas claimed at trial that his house was in foreclosure. That legal proceeding on his mortgage loan was never disclosed to the defense until it was blurted out at trial. In his bankruptcy filing Rojas discloses he was a party to numerous other legal proceedings including other foreclosure actions that predated the one he testified about at trial. None of these other legal proceedings were identified in Rojas' discovery responses.

I.      <u>Defendants Are Entitled to the Excess Costs, Expenses, and Attorney's Fees Reasonably Incurred  Due to Ms Kurtz's Trial Misconduct</u>

28 U.S.C. § 1927 provides that "any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  A district court may, in its discretion, impose sanctions pursuant to 28 U.S.C. § 1927 if an attorney acts in an objectively unreasonable manner and engages in a serious and studied disregard for the orderly process of justice.  *Jolly Group Ltd. v. Medline Indust., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006); *Tygris Asset Finance, Inc. v. Abboud*, 2011 U.S. Dist. LEXIS 125877, *8 (N.D. Ill. Nov. 1, 2011) (J. St. Eve)  The objective standard is met with extremely negligent conduct, like reckless and indifferent conduct.  *Dowe v. AMTRAK*, 2004 U.S. Dist. LEXIS 9450, *19 (N.D. Ill. May 26, 2004) (J. Kennelly).  Sanctions under § 1927 are meant to compensate the party that has been injured by a lawyer's bad faith conduct and to compel the lawyer to bear the costs of her own lack of care.  *Tillman v. Newline Cinema*, 374 Fed. Appx. 664, 667 (7th Cir. 2010)  In light of this Court's finding that Ms Kurtz engaged in repeated misconduct requiring a new trial, she should be required to satisfy the excess costs, expenses and attorney's fees reasonably incurred by the defendants.

This Court has already found that Ms Kurtz acted in an objectively unreasonable manner and engaged in a serious and studied disregard for the orderly process of justice.  In its December 22, 2011 order granting a new trial the court found that plaintiff's attorney Dana Kurtz engaged in a repeated pattern of misconduct during trial.  *Rojas v. Town of Cicero, et al.*, 2011 U.S. Dist. LEXIS 147867, *6-9 (N.D. Ill. Dec. 22, 2011) (J. Holderman).  Ms Kurtz made inappropriate comments in her opening statement, made repeated attempts to introduce inadmissible and prejudicial evidence despite admonitions not to do so, made repeated inappropriate and bad faith

3

attacks on President Dominick's character, led Mrs. Rojas to volunteer unresponsive hearsay evidence in an attempt to taint the jury, and further tainted the jury by arguing with the Court over evidentiary issues despite repeated admonitions that Ms Kurtz refrain from doing so. *Rojas v. Town of Cicero, et al.*, 2011 U.S. Dist. LEXIS 147867, *6-9 (N.D. Ill. Dec. 22, 2011) (J. Holderman). We now know too, from Ms Kurtz admissions in open court on January 26, 2012, that she knew Rojas had gone bankrupt. She did not advise the court or defense counsel of this significant fact. Courts have imposed 28 U.S.C. § 1927 sanctions for attorney misconduct in these types of situations. See, *e.g.*, *Dowe v. AMTRAK*, 2004 U.S. Dist. LEXIS 9450 (N.D. Ill. May 26, 2004)(J. Kennelly) (imposing monetary sanctions against plaintiff's counsel for violating orders on motions *in limine* on multiple occasions during trial, prompting a mistrial); see also *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (affirming sanctions for defense counsel's knowing introduction of testimony in violation of Fed. R. Evid. 412) In light of the record the court should impose sanctions and award defendants' costs, expenses, and reasonable attorney's fees. Ms Kurtz must bear the cost of her intentional and calculated tactics.

## II. Defendants Are Entitled to Sanctions Due to Discovery Violations

### A. The Rojas Filed for Bankruptcy in 2009 but Did Not Disclose It

Defendants discovered less than two weeks ago that in April 2009 the Rojases filed for bankruptcy[2]. Plaintiff did not disclose his bankruptcy in discovery. Instead Rojas and his counsel asserted to the jury that the home foreclosure and car repossession were defendants' fault even though Rojas reaffirmed these two debts in his 2009 bankruptcy case. In short, the defendants and this Court were deceived about Rojas' damages.

---

[2] Defense counsel first learned on January 12, 2012 that Rojas filed for bankruptcy when they also learned of the bankruptcy of woman named Janidet Lujano. Ms Lujano did not reveal to the bankruptcy court that she had a $2,500,000.00 federal lawsuit that was pending before Judge Bucklo (now before Magistrate Judge Ashman). Ms Lujano's discovery responses failed to reveal that she had filed for bankruptcy. Ms Kurtz represents Ms Lujano in that lawsuit. Defense counsel in the Rojas case are also defense counsel in the Lujano case.

Fed. R. of Civ. P. 26(a)(1)(A) requires a party to turn over all documents that relate to their claims and/or damages. Parties also have an ongoing duty to timely supplement discovery if a prior disclosure or response is incomplete or incorrect and not otherwise been made known. Fed. R. Civ. P. 26(e)(1)(A). Incomplete or evasive discovery answers are treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). The court, on motion and after giving an opportunity to be heard, may impose appropriate sanctions including the payment of reasonable expenses, including attorney's fees, caused by the failure to disclose. Fed. R. Civ. P. 37(c)(1)(a)(A). Rojas' lack of candor should be sanctioned. He knew he had gone bankrupt when he testified that the foreclosure action and car repossession – debts he reaffirmed - were due to the defendants' alleged misconduct.

On July 28, 2009, when asked by the individual defendants in Interrogatory No. 3 to disclose all lawsuits, claims and grievances within the last five years, Rojas averred – and Ms Kurtz certified his answer pursuant to Rule 26(g)(1) – that Rojas' initial version of this lawsuit, *Rojas v. Town of Cicero*, 08 CV 445, was the only legal matter to which he had been a party. See Exhibit 1, p. 2. It is now known from the bankruptcy petition that Rojas was involved in at least three other legal matters in addition to the bankruptcy. Rojas had been in bankruptcy for three months when he made that answer under oath. On August 5, 2009 Rojas told Cicero under oath – again certified by Ms Kurtz pursuant to Rule 26(g) – that the only legal matter he was involved in was the original suit he filed *Rojas v. Town of Cicero*, 08 CV 445. See Exhibit 2, p. 3.

Defendants also sought all documents related to plaintiff's damages including his income, medical records and bills. Ms Kurtz signed the responses to the production requests pursuant to Rule 26(g)(1). The Plaintiff should have produced his bankruptcy petition. See Plaintiff's

Response to Town of Cicero's Request for Production of Documents No. 4 and Plaintiff's Response to the Individual Defendants' Requests 1 and 2, attached as Exhibits 3 and 4, respectively. The Rojas' debts were discharged on September 18, 2009 (Exhibit 5). Plaintiff never supplemented his discovery to correct his initial responses and reveal Rojas' bankruptcy or reaffirmed mortgage and car debts. He never corrected the prior answers to interrogatories to reveal he was involved in at least three other legal matters in addition to the bankruptcy. Rojas' Rule 26(a) disclosures, originally issued on August 11, 2009 and supplemented on April 28, 2010 were silent on the bankruptcy as well (Group Exhibit 6).

Disclosure under Rule 26(a)(1) and all discovery responses must be signed by at least one attorney of record, who by signing certifies that to the best of the attorney's knowledge, information and belief formed after a reasonable inquiry that they are complete and correct at the time made and consistent with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(g)(1)(A)-(B). If a certification violates Fed. R. Civ. P. 26 without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both, and this order may include an order to pay reasonable expenses, including attorney's fees, caused by the violation. Fed. R. Civ. P. 26(g)(3). Ms Kurtz was well aware of and no doubt had heightened sensitivity to the potentially fatal effect a misleading bankruptcy filing could have on a bankrupt's claims in an undisclosed federal litigation. In *Swearingen-El v. Cook County Sheriff's Dep't*, 456 F. Supp. 2d 986 (N.D. Ill. 2006) Ms Kurtz defended a motion to dismiss her client's lawsuit due to a bankruptcy filing that failed to candidly reveal the nature of the federal claims Ms Kurtz's client was pursuing against the Cook County Sheriff. When Ms Kurtz learned that Rojas had gone bankrupt it is hard to believe she would not have made detailed inquiry into the bankruptcy to make sure that this

6

lawsuit was not impaired by a deceptive bankruptcy petition. She knew that the discovery compliance was wrong. Rojas' and Ms Kurtz's lack of disclosure – initially or by supplementing - that the bankruptcy occurred speaks volumes of what Mr. Rojas and Ms Kurtz were attempting to get away with.

The defendants were prejudiced and surprised by Plaintiff's silence. Defendants were kept in the dark about Rojas' alleged automobile loan and residential mortgage 'damages' for years until it was blurted out at trial and even then Rojas did not present the whole truth. As this Court noted in its December 22, 2011 order, Rojas' testimony on these issues created "improper prejudicial additional sympathy for himself" and contributed to the misconduct warranting yet another trial. It was not until after the new trial was ordered that defendants stumbled onto the reality of Rojas' debts being reaffirmed. It is also now known that Ms Kurtz knew about the bankruptcy at some point but chose not to reveal it.

The trial testimony establishes that the failure to disclose Rojas' bankruptcy petition was willful. Rojas made repeated (mis)representations concerning the purported 2010 foreclosure of his home and the repossession of his automobile before the jury, pointedly omitting any mention of the fact that when Rojas declared bankruptcy in April 2009 he reaffirmed the debts on these properties – and therefore broke any causal connection between his current debts and the defendants' purported 2006 actions. (Exhibit 14) The court was very troubled by these blurts and Ms Kurtz's arguments, leading to direct questions from the defendants and the Court seeking the details surrounding the Rojases' mortgage and automobile. (TT 7/5/2011, 16:22-17:1; TT 7/6/2011, 141:2-147:15, 171:9-174:15, 175:2-15, 176:2-184:9) Furthermore, while plaintiff's counsel attempted to elicit sympathetic testimony as to whether Rojas hired an attorney for his unemployment hearing upon his termination from the Town of Cicero, absolutely no mention

7

was made of Rojas' retention of a bankruptcy attorney to get relief from the debts that he was alleging the defendants caused him to default on. (TT 7/6/2011, 161:3-12); Exhibit 7 at p. 2. Plaintiff painted a carefully constructed – and incomplete – picture of his alleged losses through discovery and trial to try to maximize his damages and prejudice the defendants by referencing his debts but taking every precaution to omit any mention of his bankruptcy petition. The scope of Ms Kurtz role in this scheme is yet to be determined.

   B. <u>Rojas' Bankruptcy Petition Was Misleading In Describing This Lawsuit</u>

Rojas' bankruptcy raises two serious issues that could dispose of this litigation. First there is the question of whether he even has standing to prosecute this lawsuit. Second there is an issue of judicial estoppel because Rojas' bankruptcy filing is inconsistent with the claims he is asserting here.

On October 15, 2008 Rojas filed this suit alleging racial discrimination and First Amendment retaliation causes of action. See ¶ 1 of Rojas' complaint, attached and incorporated as Exhibit 8. Both claims were brought pursuant to 42 U.S.C. § 1983. Rojas maintains he suffered great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses and other consequential losses. See Exhibit 8 at ¶¶21, 26, 33. Rojas sought to recover his lost wages, future wages and benefits, compensatory damages for emotional pain and suffering, loss of a normal life, damage to his marriage, punitive damages, pre-judgment interest and an award of reasonable attorneys' fees, costs, and litigation expenses on each claim. See Exhibit 8 at pp. 5-7; see also Rojas' Supplemented Answer to Individual Defendants' Interrogatory No. 2, attached and incorporated herein as Exhibit 9.

Rojas Chapter 7 petition for bankruptcy ("Petition") in the United States Bankruptcy Court for the Northern District of Illinois (Exhibit 7) paints a starkly different picture of the claims he has been pursuing. In his original and amended Schedule B of his Petition Rojas mischaracterized his claim as one for a simple "wrongful discharge" with a value of $150,000.00. See Group Exhibit 10. In his original and amended Schedule C Rojas falsely asserted this claim was exempt from his creditors pursuant to 735 ILCS 5/12-803 and 740 ILCS 170/4 because it consisted solely of wages. Rojas did not disclose in his Petition that he was also seeking non-exempt money damages for emotional suffering, loss of reputation, damage to his marriage, attorney's fees and punitive damages. See Group Exhibit 11.

The Rojases also did not disclose the scope and nature of this lawsuit on their bankruptcy 'statement of financial affairs' which required them to list all suits to which the debtor "is or was a party within **one year** immediately proceeding the filing of this bankruptcy case." (Exhibit 12 at pp. 2-3) (emphasis in original) This lawsuit was already pending when they filed for bankruptcy. Rojas said he only had an exempt lost wage claim, not a full blown lawsuit with hundreds of thousands of dollars of non-exempt damages. The Rojases averred their bankruptcy petition, schedules and summaries to be true and correct under penalty of perjury. (Exhibit 13) They clearly were not.

    1.    <u>The Standing Question</u>

The fact that Rojas went bankrupt should impact the pending re-trial. It is likely it would have eliminated the July 2011 trial from proceeding in the first place. Defendants are preparing additional motions based on the contents of Rojas' bankruptcy petition because he did not have standing to have maintain this action after the April 2009 bankruptcy.

The question of standing is whether the litigant is entitled to have the court decide the merits of the dispute. *Esparza v. Costco Wholesale Corp.*, 2011 U.S. Dist. LEXIS 148622, *7 (N.D. Ill. Dec. 28, 2011) (J. Aspen) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)) The plaintiff - the party invoking federal jurisdiction - bears the burden of establishing standing. *Esparza*, 2011 U.S. Dist. LEXIS 148622 at *7 (citing *Lee v. City of Chicago*, 330 456, 468 (7th Cir. 2003)) Standing must be present at all stages of the litigation and can be attacked at any time. *Id.*

When a bankruptcy petition is filed, virtually all property of the debtor becomes property of the bankruptcy estate. *Matter of Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993); *Esparza v. Costco Wholesale Corp.*, 2011 U.S. Dist. LEXIS 148622 at *8. Section 541 of the Bankruptcy Code defines "property" broadly to include all of the debtor's interests both legal and equitable. *Id.*; 11 U.S.C. § 541. Every conceivable interest of the debtor is within reach of § 541, including "future, non-possessory, contingent, speculative and derivative" ones. *Esparza*, 2011 U.S. Dist. LEXIS at *8. The definition in the Bankruptcy Code of property belonging to the debtor's estate has been uniformly interpreted to include causes of action. *Esparza*, 2011 U.S. Dist. LEXIS 14822, *8 (citing *In re Polis*, 217 F.3d 899, 901 (7th Cir. 2000)) Therefore, once a plaintiff files for Chapter 7 bankruptcy, only the bankruptcy trustee has the capacity to sue and be sued. *Id.* (citing *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999)). Rojas' causes of action and his damages became part of the bankruptcy estate, making the bankruptcy trustee the true owner of the claims and damages. Rojas would have been "merely an interloper, trying to prosecute a claim that belongs to his estate in bankruptcy." *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006)

2. The Judicial Estoppel Question

Rojas listed and mischaracterized the sole claim he had as a simple "wrongful discharge" claim with a value of $150,000.00. See Exhibit 10. Rojas falsely asserted that the proceeds of this claim were exempt because they consisted solely of wages. Rojas never disclosed he was pursuing a racial discrimination claim. Rojas did not reveal he had a claim for First Amendment retaliation for his family's political speech. He never mentioned he was seeking damages for emotional harm and injury. He did not tell the bankruptcy court that he was suing for compensation for the alleged damage the defendants allegedly caused his marriage, his reputation or his loss of the enjoyment of life. He did not reveal in his Petition the attorney's fees or punitive damages he was seeking. None of these extensive claims or the alleged damages would have been purportedly exempt like his lost wages. The statements in his bankruptcy petition prevent Rojas from making contrary and different claims in this litigation.

Judicial estoppel exists to prevent the perversion of the judicial process by a debtor in bankruptcy who fails to reveal a chose in action or other legal claim, so they cannot realize a recovery on that concealed asset after the bankruptcy ends. *Cannon-Stokes v. Potter*, 453 F.3d 446, 447-48 (7th Cir. 2006) (affirming summary judgment on the doctrine of judicial estoppel against a plaintiff who filed a Chapter 7 bankruptcy petition asserting she had no valuable legal assets while pursuing at the same time an administrative claim for $300,000 and then filing her federal lawsuit after her bankruptcy was concluded). Multiple jurisdictions recognize that a debtor that receives a discharge – and therefore a personal financial benefit – by representing that he has no valuable choses in action cannot turn around after the bankruptcy ends and recover on a supposedly nonexistent claim. *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 412 (7th Cir. 2006) (affirming summary judgment against a plaintiff who was discharged from bankruptcy while

pursuing compensation from his employer under the Federal Employer Liability's Act after plaintiff failed to reveal this potential recovery in his bankruptcy schedules); see also *Esparza v. Costco Wholesale Corp.*, 2011 U.S. Dist. LEXIS 148622 (N.D. Ill. Dec. 28, 2011) (J. Aspen) (granting defendant leave to file amended affirmative defenses to cover standing and judicial estoppel as well as granting defendants' subsequent motion for summary judgment in light of the plaintiff's omission of her cause of action on her Chapter 7 petition and her eleventh-hour attempt to correct the fraudulent bankruptcy petition). Rojas' deceptive and artful description of his claim in his Petition as being a simple – and exempt under Illinois law - wage claim and not revealing that it encompassed enormous sums of not exempt non-wage damages should raise judicial estoppel issues barring him from prosecuting this claim.

Wherefore the defendants respectfully request that this Court order Dana Kurtz to satisfy defendants' costs, expenses and attorneys' fees incurred as a result of her misconduct pursuant to 28 U.S.C. § 1927, that this Court bar any reference to Rojas' reaffirmed debts or their subsequent course at the upcoming trial, order appropriate costs, expenses and attorney's fees to be awarded to defendants pursuant to Fed. R. Civ. P. 26(g)(3) and 37(c)(1) and enter such other and further relief the court determines is warranted under the circumstances.

January 26, 2012                                             President Dominick, defendant

                                                             s/ Craig D. Tobin
                                                             Attorney for President Dominick

Craig D. Tobin
Tomas Petkus
Karl H. Schook
Tobin & Muñoz, L.L.C.
Attorneys for President Dominick
Three First National Plaza, Suite 1950
Chicago, Illinois 60602-4298
Office: (312) 641-1321
Fax: (312) 641-5220

                The Town of Cicero, defendant

             By: <u>s/ Austin Zimmer</u>
               Attorney for Town of Cicero

Austin Zimmer
Cynthia Grandfield
Del Galdo Law Group, L.L.C.
Attorneys for Town of Cicero
1441 S. Harlem Avenue
Berwyn, Illinois 60409
Office (708) 222-7000

Certificate of Service

  I hereby certify that I served the foregoing using the court's CM/ECF system which will send notification of such filing to the counsel of record.

January 26, 2012             <u>s/ Craig D. Tobin</u>

Craig D. Tobin
Tomas Petkus
Karl H. Schook
Tobin & Muñoz, L.L.C.
Attorneys for President Dominick
Three First National Plaza, Suite 1950
Chicago, Illinois 60602-4298
Office: (312) 641-1321
Fax: (312) 641-5220
Email: ctobin@barristers.com
    tpetkus@barristers.com
    khschook@barristers.com
Web: www.barristers.com

\\M1\clients\T&M\Dominick adv. Rojas\Motions\motion, sanctions, f4.doc