IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Merced Rojas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 05913 |
| | ) | |
| Town of Cicero, et al. | ) | Judge Lee |
| | ) | |
| | ) | Magistrate Judge Gilbert |
| Defendants. | ) | |

**TOWN OF CICERO'S SECOND AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Town of Cicero ("Cicero") by and through its attorney Cynthia S. Grandfield of Del Galdo Law Group, LLC, pursuant to leave of the Court, offers its second amended answer to Plaintiff's Complaint as follows:

1. Plaintiff MERCED ROJAS seeks redress for racial discrimination by Defendant in violation of Ms rights as secured by the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 (Count I); for violations of Ms rights of free speech as secured by the First Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 (Count II) Plaintiffs seek declaratory and injunctive relief as well as damages for his injuries.

**ANSWER: Cicero denies that Defendants discriminated against Plaintiff and denies that Defendants violated any of Plaintiff's constitutionally guaranteed rights, and further denies that Plaintiff is entitled to relief herein.**

2. Defendants' actions reflect a systematic policy and practice of discrimination and retaliation and constitute a continuing violation.

**ANSWER: Cicero denies that allegations of paragraph 2.**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343.

**ANSWER: Cicero does not dispute that this Court has jurisdiction over the claims made by Plaintiff herein.**

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c)

1

because Plaintiff and all of the Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiffs claims occurred within this district.

**ANSWER:** **Cicero does not object at this time to this Court as the proper venue for this cause of action.**

### The Parties

5. Plaintiff Merced Rojas ("Rojas") is a resident of Cook County.

**ANSWER:** **Cicero is not appraised of sufficient information to form a belief regarding the allegations of paragraph 5, and therefore neither admits or denies the same.**

6. Defendant Town of Cicero ("Cicero") is a municipality incorporated under the laws of the State of Illinois.

**ANSWER:** **Cicero admits the allegations of paragraph 6.**

7. At all relevant times, Defendant Cicero has been continuously engaged in an industry affecting commerce.

**ANSWER:** **Cicero admits the allegations of paragraph 7.**

8. At all relevant times, Defendant Larry Dominick served in the elected position of President of the Town of Cicero. Dominick is sued in his individual capacity. Defendant Dominick was and remains a final policy maker with respect to various departmental matters at issue here.

**ANSWER:** **Cicero admits that Defendant Larry Dominick is the elected President of Cicero since May 10, 2005 and as of the date of this Answer continues to be the elected President of Cicero; Cicero acknowledges that Defendant Larry Dominick has been sued by Plaintiff herein in his individual capacity only; Cicero denies all other allegations of paragraph 8.**

9. At all relevant times, Defendant Cicero employed Defendant Derek Dominick as its Human Resources Director. Derek Dominick is sued in his individual capacity.

**ANSWER:** **Cicero admits the allegations of paragraph 9.**

10. Defendant Cicero has employed Defendants Larry Dominick and Derek Dominick at all times material hereto. Defendant Cicero is responsible for the acts of Defendants Larry Dominick and Derek Dominick, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of discrimination, retaliation, and violations of individual rights to equal protection and free speech under the First and Fourteenth Amendments to the United States Constitution.

**ANSWER:** **Cicero denies that it has "employed" Defendant Larry Dominick; Cicero admits that it has employed Defendant Derek Dominick; Cicero denies all other allegations of paragraph 10.**

11. All Defendants have acted under color of state law at all material times hereto.

**ANSWER:** **Cicero admits the allegations in paragraph 11.**

### Facts Upon Which Plaintiff's Claims Are Based

12. Plaintiff Rojas was employed by Defendant Town of Cicero from on or about June 19, 1995 through October 16, 2006, which he was unlawfully terminated.

**ANSWER:** **Cicero admits that Plaintiff was employed by Cicero, but denies that Plaintiff was unlawfully terminated**.

13. Defendants terminated Plaintiff because of his race and national origin (Hispanic and Mexican decent) and because his wife, Ana Maria Montes de Oca Rojas, had complained about Respondent's discriminatory and retaliatory treatment.

**ANSWER:** **Cicero denies the allegations of paragraph 13.**

14. Defendants also terminated Plaintiffs employment because of his political affiliation.

**ANSWER:** **Cicero denies the allegations of paragraph 14.**

15. Other similarly situated employees not in the same protected class as Plaintiff engaged in similar and more egregious conduct as that erroneously and maliciously alleged against Plaintiff and Defendant did not terminate and/or discipline those employees.

**ANSWER:** **Cicero denies the allegations of paragraph 15.**

16. Defendant Town of Cicero has violated the Equal Protection Clause to the United States Constitution by engaging in racial and national origin discrimination and retaliation based upon familial association, including against Plaintiff.

**ANSWER:** **Cicero denies the allegations of paragraph 16.**

17. Defendant Town of Cicero has engaged systemic discrimination against minority employees and residents of the Town of Cicero, including those of Hispanic and Mexican decent.

**ANSWER:** **Cicero denies the allegations of paragraph 17.**

18. Defendant Town of Cicero has also discriminated against employees and

residents of the Town of Cicero and retaliated against them based upon familial association, including against family members of employees who have complained about Respondent's discriminatory conduct.

**ANSWER:** **Cicero denies the allegations of paragraph 18.**

19. Defendant Town of Cicero terminated Plaintiffs employment because of his Hispanic and Mexican decent, and in part because of his familial association.

**ANSWER:** **Cicero denies the allegations of paragraph 19.**

20. Defendant Town of Cicero has engaged systemic retaliation against employees and residents of the Town of Cicero based on their political and/or perceived political affiliation.

**ANSWER:** **Cicero denies the allegations of paragraph 20.**

21. As a result of Defendant's conduct, Plaintiff has suffered great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:** **Cicero denies the allegations of paragraph 21.**

### COUNT I (42 U.S.C. § 1983 Violation of Equal Protection)

22. As against all Defendants, Town of Cicero, Larry Dominick, and Derek Dominick, Plaintiff restates and realleges by reference paragraphs 1 through 21 above as though fully set forth herein.

**ANSWER:** **Cicero restates its answers to paragraphs 1 through 21 as its answer to this paragraph 22.**

23. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment that altered the conditions of Plaintiffs employment.

**ANSWER:** **Cicero denies the allegations of paragraph 23.**

24. The actions of Defendants against Plaintiff violate his equal protection right to be free from discrimination under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

**ANSWER:** **Cicero denies the allegations of paragraph 24.**

25. The actions of Defendants against Plaintiff violate his equal protection right to be free from discrimination under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

**ANSWER:** **Cicero denies the allegations of paragraph 25.**

4

26. The actions of Defendants in discriminating against Plaintiff based on his race and national origin caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:  Cicero denies the allegations of paragraph 26.**

WHEREFORE, Cicero requests judgment in its favor and against Plaintiff, and requests that it be awarded its fees and costs herein.

### Count II (42 U.S.C. § 1983 First Amendment Retaliation)

27. As against all Defendants, Town of Cicero, Larry Dominick, and Derek Dominick, Plaintiff restates and realleges by reference paragraphs 1 through 21 above as though fully set forth herein.

**ANSWER:  Cicero restates its answers to paragraphs 1 through 21 as its answer to this paragraph 27.**

28. At all times relevant hereto, Defendants acted as employees, supervisors, and final policymakers for the Town of Cicero.

**ANSWER:  Cicero admits that Larry Dominick is its elected president and admits that Derek Dominick is employed as its Director of Human Resources Department; Cicero denies the remaining allegations of paragraph 28.**

29. The conduct of Defendants was and became the custom and practice of the Town of Cicero and President Dominick, officially and individually.

**ANSWER:  Cicero denies the allegations of paragraph 29.**

30. By Defendants' actions, Plaintiff suffered compensable injury and harm as a result of the denial of rights guaranteed to her pursuant to the First Amendment to the United States Constitution.

**ANSWER:  Cicero denies the allegations of paragraph 30.**

31. The conduct of Defendants violated Plaintiffs right to free speech and free association as provided by the First Amendment to the Constitution.

**ANSWER:  Cicero denies the allegations of paragraph 31.**

32. Defendants intentionally retaliated against Plaintiff with malice or reckless indifference to Plaintiffs civil rights, thereby entitling Plaintiff to punitive damages against the individual Defendants.

**ANSWER:** **Cicero denies the allegations of paragraph 32.**

33. The actions of the Defendants have caused Plaintiffs great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:** **Cicero denies the allegations of paragraph 33.**

34. The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiffs rights as secured by 42 U.S.C. § 1983.

**ANSWER:** **Cicero denies the allegations of paragraph 34.**

WHEREFORE, Cicero requests judgment in its favor and against Plaintiff, and requests that it be awarded its fees and costs herein.

## CICERO'S AFFIRMATIVE DEFENSE

The Town of Cicero ("Cicero"), pleads the following affirmative defense:

1. *Estoppel.*

    (a) On April 15, 2009 plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court in the Northern District of Illinois.

    (b) Plaintiff's claims and the damages he seeks were assets of his bankruptcy estate and should have been available to his creditors to pay their claims.

    (c) Plaintiff misrepresented the nature of this litigation, the claims he has and has maintained in this suit, the scope and extent of his claimed damages and the amount of money he seeks to recover as his damages in his bankruptcy petition.

    (d) Plaintiff mischaracterized this action as a simple 'wrongful discharge' claim worth $150,000.00 in lost wages in his bankruptcy schedules. Rojas is actually seeking more than a millions dollars in alleged damages.

    (e) Plaintiff also falsely claimed that the proceeds he was pursuing in this case were exempt from his creditors pursuant to 735 ILCS 5/12-803 and 740 ILCS 170/4 despite the fact that lawsuit such as the one plaintiff is maintaining is clearly the property of the estate.

    (f) Plaintiff's actual claims in this case also include alleged damages for lost future wages, lost employment benefits, future employment benefits, physical pain and suffering, emotional pain and suffering, loss of a normal life, damage and injury to his marriage, pre-judgment interest, attorney's fees, costs and expenses of this litigation. The real nature and scope of his claims

6

and the amount of his alleged damages are inconsistent with the claim he scheduled in his bankruptcy petition.

WHEREFORE, Plaintiff's claims are barred based on judicial estoppel.

          Respectfully submitted,

          Defendant Town of Cicero

          By:    */s/ Cynthia S. Grandfield*
                 One of the Town's Attorneys

K. Austin Zimmer
Cynthia S. Grandfield (ARDC No. 6277559)
DEL GALDO LAW GROUP, LLC
1441 S. Harlem Avenue
Berwyn, Illinois 60402
(708) 222-7000 (t)
(708) 222-7001 (f)

7