CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the

# United States Court of Appeals
### For the Seventh Circuit

_____

No. 14-1446

MERCED ROJAS,

                      *Plaintiff-Appellee*,

v.

TOWN OF CICERO, ILLINOIS, and LARRY DOMINICK,

                      *Defendants-Appellants*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 08 C 5913 — **Thomas M. Durkin**, *Judge*.

_____

ARGUED DECEMBER 10, 2014 — DECIDED JANUARY 5, 2015

_____

Before EASTERBROOK, SYKES, and HAMILTON, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Merced Rojas contended in this suit under 42 U.S.C. §1983 that the Town of Cicero violated the First Amendment by firing him because he supported a political opponent of Larry Dominick, the Town's president. After an eight-day trial, a jury found in Rojas's favor and awarded him $650,000 in damages.

Case: 1:08-cv-05913 Document #: 692 Filed: 02/02/15 Page 2 of 6 PageID #:14545
Case: 14-1446    Document: 00712465018    Filed: 02/02/2015    Pages: 6

2                                                           No. 14-1446

The victory was short-lived. District Judge Holderman granted defendants' motion for a new trial, concluding that Dana L. Kurtz, Rojas's lawyer, had engaged in serious misconduct during the trial. 2011 U.S. Dist. LEXIS 147867 (N.D. Ill. Dec. 22, 2011). Judge Holderman found that Kurtz made statements designed to mislead the jury, elicited hearsay responses that she knew would prejudice the defendants even though the judge was bound to strike the testimony (which he did), argued with the judge in a way that informed the jury about evidence that the court had excluded, and undermined the credibility of an important defense witness by asking him questions that presented him in a bad light, even though Kurtz lacked a good-faith basis for believing the questions proper.

Before the second trial could occur, the case was reassigned to District Judge Durkin. With his encouragement, the parties settled. The resolution provides Rojas with $212,500 as compensation for the discharge and Kurtz with fees of $287,500. (The settlement states that the amounts are confidential, but counsel for both sides have consented to their disclosure.) Both amounts are significantly less than Rojas and Kurtz would have received, had the jury's verdict stood. Judge Durkin estimated that Kurtz would have obtained an award under 42 U.S.C. §1988 at least as high as the $650,000 in damages, if not higher.

The settlement did not resolve the defendants' motions for sanctions under 28 U.S.C. §1927 and Fed. R. Civ. P. 26(g)(3). Section 1927 authorizes sanctions against lawyers who needlessly multiply the proceedings, as Kurtz had done by improper conduct that led to many post-verdict motions and the need to prepare for a second trial. The motion under

No. 14-1446 3

Rule 26(g)(3) was based on conduct different from Kurtz's behavior in court. After Judge Holderman set aside the jury's verdict, defense counsel learned that Rojas had filed a bankruptcy petition six months after this suit began. Kurtz did not reveal this during discovery. (Apparently Rojas kept it a secret from Kurtz for a while, but after she learned of the bankruptcy she still did not tell defendants.) The bankruptcy petition could have affected whether Rojas is a proper plaintiff. Perhaps the legal claim passed to the trustee in bankruptcy for the benefit of his creditors—and the fact that Rojas valued the suit on his schedule of assets at much less than he asked the jury to award (indeed, much less than he demanded in settlement) could have provided the defense with a talking point at the trial or retrial.

Judge Durkin denied the motion for sanctions. Section 1927 gives a judge discretion whether to award sanctions, and Judge Durkin exercised that discretion against an award. He thought that both Rojas and Kurtz had lost a lot of money (about $400,000 apiece) when the settlement replaced the jury's verdict. That is sanction enough, he concluded. As for concealing the bankruptcy, the judge wrote that a "district court in its discretion may impose sanctions for discovery violations" and that the same considerations that led to a denial of relief under §1927 also justify a discretionary denial under Rule 26.

The denial of the §1927 motion was not an abuse of discretion. Judge Durkin thought that Kurtz was out of pocket as a result of her misconduct, and this seems likely, though she may not have lost as much as the judge supposed. The right comparison is not between the verdict and the settlement, but between that settlement and what the verdict (and

Case: 1:08-cv-05913 Document #: 692 Filed: 02/02/15 Page 4 of 6 PageID #:14547
Case: 14-1446    Document: 00712465018    Filed: 02/02/2015    Pages: 6

4                                                                  No. 14-1446

corresponding fees) would have been in the absence of misconduct. If a zealous advocate who stayed within ethical bounds would have produced a verdict of, say, $300,000, then both Rojas and Kurtz lost much less than Judge Durkin supposed. If, indeed, a properly conducted trial would have led to a verdict under $212,500, or to a verdict for the defense, then Kurtz has *gained* from her misconduct. But the fact that defendants were willing to pay $500,000 (compensation plus fees) to avoid a second trial implies that Rojas had good chances of a substantial recovery at a properly conducted proceeding. And we recognize that the Town's option to obtain a second trial was itself costly to Kurtz; the Town would not have asked for this relief if it expected Rojas and Kurtz to do better the second time. Evaluating a counterfactual—what verdict Rojas would have received had the trial been conducted properly—is a daunting task, and any answer is contestable. Since the district court would have had discretion to find that Judge Holderman's opinion, which impugned Kurtz's reputation, was a sufficient response even if she did not suffer a monetary loss, we think it best to respect the court's conclusion under §1927.

Rule 26(g)(3) is a different matter. Judge Durkin believed that it, like §1927, affords a district court the discretion to let a delict pass without sanctions. It does not. Lawyers must certify that they have fulfilled their discovery obligations. Rule 26(g)(3) provides (emphasis added): "If a certification violates this rule without substantial justification, the court, on motion or on its own, *must* impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Rule 26(g)(3) gives the judge discretion over the

No. 14-1446 5

nature of the sanction but not whether to impose one. Kurtz has not contested Judge Durkin's conclusion that her conduct violates Rule 26(g)(1), so some sanction is mandatory.

Defendants maintain that only money (measured by their attorneys' fees) will do. That is not what the Rule says, however. The sanction "may" include attorneys' fees, but that is not essential. All that is required is a sanction "appropriate" under the circumstances.

Identifying the "appropriate" sanction is a task for the district court. It could be money, but it also could be a formal (and public) reprimand or censure. The discovery problem is unrelated to the reason Judge Holderman granted a new trial, and to the reputational effect of Judge Holderman's opinion, so Judge Durkin's reasons for not sanctioning Kurtz under §1927 do not carry over to Rule 26(g)(3).

Judge Durkin also should consider Kurtz's disciplinary history, which is substantial. See, e.g., *Gross v. Cicero*, 619 F.3d 697, 701–02 (7th Cir. 2010) (striking the statement of facts from Kurtz's brief for failing to cite the record); *Gross v. Cicero*, 528 F.3d 498, 500–01 (7th Cir. 2008) (fining Kurtz because she failed to file an opening brief for more than 17 months after filing the notice of appeal); *Matula v. Des Plaines*, 2013 U.S. Dist. Lexis 146017 (N.D. Ill. Oct. 8, 2013) (fining plaintiff's counsel—Kurtz and one other lawyer—$100 for missing the deadline for delivering a paper copy of the complaint to the assigned district judge); *Lujano v. Cicero*, 2011 U.S. Dist. Lexis 148913 (N.D. Ill. Dec. 23, 2011) (imposing sanctions on Kurtz's client for delaying the production of certain documents for several years); *AG Equipment Co. v. AIG Life Insurance Co.*, 2008 U.S. Dist. Lexis 99915 (N.D. Okla. Dec. 10, 2008) (fining Kurtz $250 for discovery abuses); *Gross*

*v. Cicero*, 2005 U.S. Dist. LEXIS 23088 at *6–7 (N.D. Ill. Sept. 20, 2005) (prohibiting Kurtz's client from introducing expert testimony as a sanction for her delay during discovery); *Crohan v. Orland Park*, 2004 U.S. Dist. LEXIS 5006 at *4, 6–8 (N.D. Ill. Mar. 24, 2004) (same) ("circumstances in this case indicate that Plaintiff's counsel has engaged in gamesmanship"). Kurtz's unwillingness to conform her conduct to requirements laid down by judicial orders or rules of procedure is unlikely to change unless courts respond firmly.

The decision is affirmed with respect to the motion under §1927 and vacated with respect to the motion under Rule 26(g)(3). The case is remanded for proceedings consistent with this opinion.