UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MERCED ROJAS,

    Plaintiff,

    v.

TOWN OF CICERO AND LARRY DOMINICK,

    Defendants.

No. 08 C 5913

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

On January 5, 2015, the Seventh Circuit vacated the Court's order denying the defendants' motion for sanctions under Federal Rule of Civil Procedure 26(g)(3). *See Rojas v. Town of Cicero, Ill.*, 775 F.3d 906, 910 (7th Cir. 2015). The Seventh Circuit held that Rule 26(g) required the Court to impose some sanction against plaintiff's attorney, Dana Kurtz. *Id*. On remand, the Court allowed the parties to file briefs addressing what they believed would be an appropriate sanction. For the following reasons, the Court orders Kurtz to pay a portion of the defendants' attorneys' fees and censures her for her misconduct during discovery in this case.

## BACKGROUND

Plaintiff Merced Rojas sued the Town of Cicero and its president, Larry Dominick, for retaliatory discharge and race discrimination. In July 2011, after an eight-day trial before Judge Holderman, a jury awarded Rojas $650,000 in damages

on his retaliatory discharge claim.[1] Judge Holderman later granted the defendants' motion for a new trial on that claim due to Kurtz's repeated and highly-prejudicial misconduct during the trial. R. 536.

The defendants then moved for sanctions pursuant to 28 U.S.C. § 1927 for expenses that they incurred in the first trial. R. 538. They also sought costs, expenses, and attorneys' fees under Rule 26(g)(3) and 37(c) against Kurtz and Rojas for their failure to disclose during discovery that Rojas had filed for bankruptcy in April 2009. *Id.* According to the defendants, Kurtz's failure to disclose the bankruptcy violated Rule 26(g)(1)'s certification requirement:

> (1) *Signature Required; Effect of Signature.* Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>
> (A) with respect to a disclosure, it is complete and correct as of the time it is made; and
>
> (B) with respect to a discovery request, response, or objection, it is:
>
> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the

---

[1] The jury found in the defendants' favor on Rojas's racial discrimination claim.

amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1). While that motion was pending, the case was transferred to this Court. R. 621.

After Rojas settled his claims against the defendants, *see* R. 643, the Court denied the defendants' motion for sanctions against Kurtz. R. 659. Judge Holderman's order granting the defendants' motion for a new trial wiped out a substantial verdict in Rojas's favor. *Id*. at 7. The terms of his settlement with the defendants were less favorable, and "necessarily required Ms. Kurtz to take a substantial reduction in the amount of attorneys' fees she would have been awarded by virtue of the jury's verdict." *Id*. The Court reasoned that this penalty was sufficient and declined to impose any additional monetary sanctions under § 1927 against Kurtz for her trial misconduct. *Id*. at 8. The same reasoning led the Court to deny the defendants' motion for sanctions under Rules 26 and 37. "[T]o the extent that Rojas's and Ms. Kurtz's conduct was sanctionable under these Rules, the Court, in its discretion, finds that the grant of a new trial and the vacatur of the significant verdict was a sufficient sanction such that no additional monetary sanctions are warranted." *Id*.

On appeal, the Seventh Circuit vacated the Court's order because Rule 26(g)(3) sanctions are mandatory, not discretionary:

> Lawyers must certify that they have fulfilled their discovery obligations. Rule 26(g)(3) provides (emphasis added): "If a certification violates this rule without substantial justification, the court, on motion or on its own, *must* impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may

3

> include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Rule 26(g)(3) gives the judge discretion over the nature of the sanction but not whether to impose one. Kurtz has not contested Judge Durkin's conclusion that her conduct violates Rule 26(g)(1), so some sanction is mandatory.

*Rojas*, 775 F.3d at 909. The Seventh Circuit left it to the Court to decide on remand what constituted an "appropriate" sanction. *Id.* ("It could be money, but it also could be a formal (and public) reprimand or censure."). In fashioning a sanction, the Seventh Circuit stated that the Court should take into account "Kurtz's disciplinary history, which is substantial." *Id.* at 909-10 (collecting cases). Her "unwillingness to conform her conduct to requirements laid down by judicial orders or rules of procedure is unlikely to change unless courts respond firmly." *Id.* at 910.

## ANALYSIS

### I. Whether the Merit of the Defendants' Sanctions Motion Is Still a Live Issue

The parties dispute whether the Seventh Circuit's ruling leaves anything for the Court to decide other than the appropriate sanction. *See* R. 699 at 9-12; R. 703 at 3-5. In its order denying the defendants' motion for sanctions, the Court presumed that Kurtz had violated Rules 26 and 37:

> A district court, in its discretion may impose sanctions for discovery violations under Rules 26 and 37. *Dotson v. Bravo*, 321 F.3d 663, 666 (7th Cir. 2003). But again, *to the extent that Rojas's and Ms. Kurtz's conduct was sanctionable under these Rules*, the Court, in its discretion, finds that the grant of a new trial and the vacatur of the significant verdict was a sufficient sanction such that no additional monetary sanctions are warranted.

R. 659 at 8 (emphasis added). On appeal, the defendants extensively argued the merits of their claim that Kurtz had violated Rule 26. *See Rojas v. Town of Cicero*,

4

No. 14-1446 (7th Cir.), R. 28 at 18-21, 33-47. Kurtz maintained that these arguments were beyond the scope of the appeal, noting at several points in her appellee brief that the defendants had prevailed on this very issue:

> In his order on Defendants' sanctions motion, Judge Durkin ruled in Defendants' favor and presumed that Plaintiff's counsel violated 42 U.S.C. § 1927 and Federal Rule of Civil Procedure 26(g)(3) (Dkt. 659 at 8). That ruling is not subject to challenge or relitigation by Defendants on appeal. Defendants' extensive discussions of the facts at trial and arguments regarding whether section 1927 and Rule 26(g)(3) were violated are therefore irrelevant to any issue on appeal and must be disregarded.

*Rojas v. Town of Cicero*, No. 14-1446 (7th Cir.), R. 37 at 7; *see also id.* at 9 ("But whether Plaintiff's counsel should be sanctioned is not an issue on appeal, given that Judge Durkin decided that question in Defendants' favor."); *id.* at 23 ("Not only are Defendants merely rearguing an irrelevant issue that was already decided in their favor below, their arguments are quite literally cut and pasted from the sanctions motion and reply memorandum that Defendants filed in the district court."). In its opinion vacating the Court's order, the Seventh Circuit noted that Kurtz had "not contested Judge Durkin's conclusion that her conduct violates Rule 26(g)(1), *so some sanction is mandatory.*" *Rojas*, 775 F.3d at 909 (emphasis added).[2]

The defendants argue that Kurtz's Rule 26(g)(1) violation is now law of the case and binding on the parties on remand. *See PaineWebber Inc. v. Farnam*, 870 F.2d 1286, 1290 (7th Cir. 1989) ("The law of the case doctrine provides that once a

---

[2] For Kurtz to repeatedly represent to the Seventh Circuit that this issue had been decided in the defendants' favor and now argue before this Court that the issue is contested is simply disingenuous.

competent court rules on a question of law, that ruling is generally binding on courts of equal or inferior dignity as to that legal issue between the same or substantially similar parties given the same material facts."). Kurtz responds that she was not obligated, as appellee, to argue that she had not violated Rule 26(g)(1). "[T]he failure of an appellee to have raised all possible alternative grounds for affirming the district court's original decision, unlike an appellant's failure to raise all possible grounds for reversal, should not operate as a waiver. The urging of alternative grounds for affirmance is a privilege rather than a duty." *Schering Corp. v. Ill. Antibiotics Co.* 89 F.3d 357, 358 (7th Cir. 1996). The *Schering* court held, however, "that in the interest of judicial economy it should have a limited applicability even where, as in this case, the initial challenge to the trial court's ruling would have been by the appellee." *Id.*

In this case, the Seventh Circuit clearly concluded that Kurtz's substantive violation was at issue and that she was required to address it, on penalty of waiver. *See Rojas*, 775 F.3d at 909. The proper vehicle for relief when a party believes that the Court of Appeals has misapprehended the record is a motion for rehearing. *See* Fed. R. App. Proc. 40(a)(2) (authorizing litigants to file petitions for rehearing addressing points of law or fact that petitioner "believes the court has overlooked or misapprehended"). Kurtz filed a Rule 40 petition for rehearing, raising the very issues she addresses in her post-remand response to the defendants' sanctions motion. *Compare Rojas v. Town of Cicero*, No. 14-1446 (7th Cir.), R. 46, *with* R. 703. The Seventh Circuit promptly denied her motion without discussion, and issued the

6

mandate to this Court a week later. The Court cannot grant relief that the Seventh Circuit has denied.

The Court concludes that the fact of Kurtz's Rule 26(g) violation is law of the case and not subject to relitigation on remand.

## II. Kurtz's Failure to Supplement Rojas's Discovery Responses

Dominick's first set of interrogatories directed Rojas to "[i]dentify all lawsuits, claims and/or grievances which plaintiff has filed, or to which [he] has been a party, in the last five years." R. 538-2 at 3 (Dominick's Interrog. 2). Cicero's first set of interrogatories directed Rojas to "[s]tate whether you have been a party to a prior lawsuit, and if so, state: (a) the year, (b) the court, (c) the case number, (d) whether you were a plaintiff or defendant, (d) the nature of the lawsuit, and (e) the disposition of the lawsuit." *Id*. at 15 (Cicero's Interrog. 7). Rojas's responses to these interrogatories, which Kurtz signed on or about July 28, 2009 and August 5, 2009, respectively, disclosed his original suit against Cicero, which he voluntarily dismissed before filing this case. *See id*. at 3 (Rojas's answer to Dominick's Interrog. 2); *id*. at 15 (Rojas's answer to Interrog. 7). They did not disclose his April 2009 bankruptcy petition.

Kurtz learned of Rojas's bankruptcy in January 2010. *See* R. 699-1 ¶¶ 3-4 (Rojas Decl.); *id*. ¶¶ 10-11 (Kurtz Decl.). Under Rule 26(e), parties must supplement or correct their discovery responses and Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not

7

otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). The duty to supplement, "while imposed on a 'party,' applies whether the corrective information is learned by the client or by the attorney." Fed. R. Civ. P. 26, advisory comm. notes, 1993 amendment. Kurtz never updated Rojas's discovery responses to the defendants' interrogatories.

Kurtz argues that Rule 26(g) does not authorize the Court to sanction an attorney for failing to supplement discovery responses under Rule 26(e). *See* R. 699 at 16; *see also* 8A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2052 (3d ed.) ("Rule 26(g)(1) by its terms applies only to disclosures pursuant to Rule 26(a)(1) and (a)(3), but not as required by Rule 26(e)(1), an addition the drafters clearly knew how to make in a related rule [Rule 37(c)]."). As discussed, *see supra*, Kurtz cannot relitigate the merits of the defendants' Rule 26(g)(3) motion. Inasmuch as Kurtz's conduct falls within a "lacuna" in Federal Rules, *see* 8A Wright and Miller, *supra*, at § 2052, she should have raised that issue in her appellee brief.[3]

Kurtz also argues that she was not required to supplement Rojas's responses because a bankruptcy petition is not a "claim" or a "lawsuit." R. 699 at 13-15. No

---

[3] Even if Kurtz had preserved the issue, it would not necessarily follow that the Court could not sanction her for failing to update Rojas's responses to the defendants' interrogatories. *See Maynard v. Nygren*, 332 F.3d 462, 470 (7th Cir. 2003) (the court has inherent power to sanction an attorney for bad faith conduct); *see also* 8A, Wright and Miller, *supra*, § 2052 (noting that the "potentially troubling ambiguity" regarding the interaction of Rules 26(g) and (e) may be unimportant given the "existence of a body of authority supporting sanctions for failure to supplement"); *id*. at § 2050 (discussing a court's inherent power to impose sanctions for failing to supplement discovery disclosures and responses).

8

reasonably prudent attorney would believe that a bankruptcy filing would not come under the spirit, if not the letter, of this request. To argue otherwise is disingenuous and simply an after-the-fact rationalization.[4] A reasonable reading of the defendants' interrogatories makes clear that the defendants were seeking information about any litigation the plaintiff was involved in. A bankruptcy filing is a piece of litigation. For Kurtz to have taken such a crabbed and strained approach to this question is unjustified as a matter of common sense, but particularly unjustified because of her prior experience in another case involving a similar issue. *See Swearingen-El v. Cook Cnty. Sheriff's Dept.*, 456 F. Supp. 2d 986 (N.D. Ill. 2006). The plaintiff in that case filed a *pro se* bankruptcy petition that did not disclose that he had received an EEOC right-to-sue letter. *Id.* at 987. Three days later, Kurtz filed a § 1983 complaint on the plaintiff's behalf in district court. *Id.* After the plaintiff's bankruptcy filing came to light, the defendants in the § 1983 case moved to dismiss, arguing that the plaintiff lacked standing to pursue those claims on his own behalf and that he should be judicially estopped from pursuing a claim that he did not disclose in bankruptcy. *Id.* The plaintiff, in response to the motion, reopened his bankruptcy case and moved to convert it from Chapter 7 to Chapter 13. *Id.* The district court held that by doing so, the plaintiff: (1) obtained

---

[4] Kurtz relies on *Lujano v. Town of Cicero*, which found that a bankruptcy filing was not responsive to a similar interrogatory request. No. 07 C 4822, 2012 WL 4499326, at *15 (N.D. Ill. Sept. 28, 2012); *see also* R. 699 at 14. The court respectfully disagrees with the *Lujano* court's decision. Nor could Kurtz have relied on *Lujano* when she failed to supplement, as it was decided two and a half years after the obligation to supplement arose.

the right to pursue his § 1983 claims in his own name on behalf of the bankruptcy estate; and (2) undermined any inference that he had attempted to deceive the bankruptcy court. *Id.* at 991. Thus, the court denied the defendants' motion to dismiss.

In light of her experiences in *Swearingen-El*, Kurtz was on particular notice that Rojas's undisclosed bankruptcy could have serious ramifications in this case. As in *Swearingen-El*, the fact of Rojas's bankruptcy "could have affected whether Rojas [was] a proper plaintiff" in this case. *Rojas*, 775 F.3d at 908. Unlike *Swearingen-El*, Rojas did disclose his federal lawsuit in his bankruptcy schedules (but of course did not disclose his bankruptcy petition in this case). But he characterized it as an exempt claim for $150,000 in unpaid wages, "much less than he asked the jury to award (indeed, much less than he demanded in settlement)." *Id*. Although it likely would not have supported judicial estoppel, *see Hernandez v. Cook County Sheriff's Office*, No. 07 C 855, 2015 WL 5307627, at *3 n.2 (N.D. Ill. Sept. 10, 2015) ("the 'value' of an unresolved claim, where Defendants deny all liability, is difficult if not impossible to ascertain by any reliable measure"), the disparity between Rojas's bankruptcy disclosure and his demand in this case "could have provided the defense with a talking point at the trial or retrial." *Rojas*, 775 F.3d at 908. Also, claiming an exemption for contingent unpaid wages, without disclosing other categories of damages, suggests that Rojas may have been trying to

10

deceive his creditors.[5] Kurtz stood to gain by not updating Rojas's discovery responses to disclose damaging information about her client.

## III. The Appropriate Sanction

The defendants argue that the Court should order Kurtz to disgorge "a significant portion of the $287,500 in fees Kurtz collected" from the settlement, citing her prior disciplinary history. R. 710 at 3. The sanction the defendants seek is excessive and disproportionate. The Court will instead order Kurtz to pay the attorney's fees the defendants expended to bring the Rule 26 motion, and all briefing related to it. This opinion shall also serve as a public censure for Kurtz's misconduct during discovery. *See Rojas*, 775 F.3d at 909 ("The discovery problem is unrelated to the reason Judge Holderman granted a new trial, and to the reputational effect of Judge Holderman's opinion, so Judge Durkin's reasons for not sanctioning Kurtz under § 1927 do not carry over to Rule 26(g)(3)."). Some of the sanctions that courts have imposed against her in the past involved litigation delays suggesting negligence. *Id*. at 909-10. Viewed as a whole, they may suggest a reckless disregard for court rules and procedures. Prior sanctions, no matter what the circumstances, should have put Kurtz on special guard against coming even close to the line of allowable discovery practices. Here, she crossed that line. This opinion is to serve as a censure of that conduct. The reputational effect of this

---

[5] As far as the record reveals, Rojas never amended his bankruptcy schedules to accurately reflect the nature of his claim in this lawsuit, nor did he ever move to reopen the case after his debts were discharged.

opinion will last longer than the monetary sanction, and may in the long run prove more costly.

## CONCLUSION

For the foregoing reasons, and pursuant to the Seventh Circuit's mandate, the Court: (1) orders Kurtz to pay the attorney's fees that the defendants expended to bring the Rule 26 motion, and all briefing related to it in this Court; and (2) censures Kurtz for her misconduct during discovery in this case. The Court directs the parties to comply with Local Rule 54.3 regarding the monetary sanction that the Court has imposed.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: September 22, 2015